UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
(BUFFALO DIVISION)

**24 CV 508**

| | |
|---|---|
| Petitioner: STACEY PYNN ) | Case :_____ |
| ) | |
| -vs- ) | COMPLAINT |
| ) | |
| Defendants: MATTHEW PYNN, ) | |
| NEW YORK STATE UNIFIED COURT SYSTEM,) | DEMAND FOR JURY TRIAL |
| NEW YORK STATE OFFICE OF COURT ) | |
| ADMINISTRATION, NIAGARA COUNTY, ) | |
| NIAGARA COUNTY DEPARTMENT OF ) | |
| SOCIAL SERVICES, NIAGARA COUNTY ) | |
| CHILD PROTECTIVE SERVICES, NIAGARA ) | |
| COUNTY CLERK'S OFFICE, NORMAN ) | |
| ST. GEORGE, LAWRENCE MARKS, ) | |
| KEVIN M. CARTER, ANDREW ISENBERG ) | |
| DEAN PULEO, KEITH D. KIBBLER, DANIEL ) | |
| J. FURLONG, RICHARD KLOCH, ) | |
| FRANK SEDITA III, SARA SHELDON, ) | |
| CATHERINE NUGENT-PANEPINTO, ) | |
| JOSEPH JASTRZEMSKI, LISA KESSLER, ) | |
| DAVID HAYLET JR., CLAUDE JOERG, ) | |
| MEGHAN LUTZ, NIAGARA COUNTY CPS ) | |
| SUPERVISOR "JANE DOE", RHONDA PLATT ) | |
| CHARLES P. BEN, NICHOLAS D'ANGELO ) | |
| BIANCA GATTO, DAVID NATHANSON, ) | |
| STANLEY EDWARDS, RONALD WILSON, ) | |
| JOHN SPERO, OTHER "JANE DOES" and ) | |
| "JOHN DOES" ) | |
| _____ ) | |

UNITED STATES DISTRICT COURT
FILED
MAY 2 3 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

1.   Plaintiff, Stacey Pynn, brings this action against Defendant/s Matthew Pynn et al., and

alleges, upon information, the record of previous proceedings, and belief and hereby

submits the following for consideration by this honorable Court.

## APPLICATION OF LIBERAL CONSTRUCTION

2.    Plaintiff Stacey Pynn appears here in her pro se status. As such, this Plaintiff respectfully requests that her pleadings herein will be liberally construed by this honorable Court, pursuant to the standards established by the Supreme Court of the United States in *Haines v. Kerner*, 404 U.S. 519 (1972) (Holding that: " a pro se litigant's pleadings, "however inartfully pleaded," are held to the most liberal of standards because pro se litigants may be less capable of formulating legally-competent initial pleadings.)

## JURISDICTIONAL STATEMENT

3.    This Court has jurisdiction over these matters pursuant to 42 U.S. Code § 1983. A suit brought under 42 U.S. Code § 1983 is a civil action for deprivation of rights. ("anyone who deprives a United States citizen of rights, privileges, or immunities secured by the Constitution and laws is liable to the injured party. The injured party can take action at law, suit in equity, or other proper proceeding for redress.") (See:42 U.S.C. § 1983. Section 1983 provides in pertinent part: Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction on thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party.)

4.    Jurisdiction and venue is proper here pursuant to 28 U.S. Code § 1391 which provides in relevant part that "28 USC §1391.  Except as otherwise provided by law—(1)this section shall govern the venue of all civil actions brought in district courts of the United States; and

(2) the proper <u>venue</u> for a civil action shall be determined without regard to whether the action is local or transitory in nature." (See, e.g., <u>*Monroe v. Pape*</u>, 365 U.S. 167 (1961) (holding that officials acting in abuse of their authority who deprive an individual of a constitutional right may be liable under § 1983.)(See also, <u>*Brown v. State of New York*</u>, 89 N.Y.2d 172, 674 N.E.2d 1129, 52 N.Y.S.2d 223 (1996). 2 N.Y. CONST. art. I, § 11.)  In Brown, the New York Court of Appeals held that individuals may assert claims for compensatory damages for violations of their rights protected by the equal protection guarantees of the New York State Constitution.

5.    Additionally, Jurisdiction is conferred upon this Court by 28 USC §§ 1331 and 1343, supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Court by 28 U.S.C. §1367;

6.    Venue is properly laid in the Western District of New York Pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

7.    Article III of the U.S. Constitution provides Federal Courts can hear all cases in law and equity arising under this Constitution, [and] the laws of the United States.  The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient, see *Osborn v. Bank of the United States*, 22 U.S. 738 (1824)

8.    Plaintiff asserts that this court is appropriate as this complaint falls within this district's

subject matter jurisdiction and seek damages from Defendants for injuries suffered from an

alleged fraud involving a state court judgment, the adjudication of and Plaintiff does not

require the federal court to sit in review of any state court judgments. Furthermore,

Plaintiff seeks permissible injunctive remedy against state courts and state court judges,

(see Motion #1 for TRO or Federal Receivership).

9.    This court also has jurisdiction over these matters pursuant to 18 U.S. Code § 3509 -

Child victims' and child witnesses' rights[1] and 42 U.S.C. § 13031[2], and 18 U.S.C. § 2241–

Aggravated sexual abuse 18 U.S.C. § 2242– Sexual abuse, 18 U.S.C. § 2243– Sexual abuse

of a minor or ward and 18 U.S.C. § 2244– Abusive sexual contact, and 18 U.S. Code §

3231 - District courts; and whatsoever rules, laws, regulations and Federal Rules of Civil

Procedure may apply. The district courts of the United States shall have original

jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the

United States.

10.    Jurisdiction and venue are proper here pursuant to activity pursuant to the Racketeer

Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964.

---

[1] 18 U.S. Code § 3509 - Child victims' and child witnesses' rights

[2] Under 42 U.S.C. § 13031—a provision of the Victims of Child Abuse Act of 1990—all covered professionals who learn of suspected child abuse while engaged in enumerated activities and professions on federal land or in federal facilities must report that abuse, regardless of where the suspected victim is cared for or resides..

## NATURE AND CAUSE OF ACTION

11. The criminal activities, cover ups, and corruption involving all of the Defendants, (herein after named "Defendants" or "codefendants"), either jointly and/or severally in both their personal and/or administrative, and/or illegal judicial capacities constitute criminal activity pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964.

12. The Petitioner also brings this lawsuit pursuant to pursuant to 42 U.S. Code § 1983.

13. The Plaintiff brings this private civil action for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964(c).

14. The Plaintiff alleges that Defendants conduct involves statutorily prohibited activities: (1) investing in, (2) acquiring, and/or (3) conducting or participating in an enterprise with income derived from a pattern of racketeering activity, and (4) conspiring to commit the first three types of activity. 18 U.S.C. § 1962(a)–(d).

15. As to the element of causation, this plaintiff alleges that the unlawful conduct of all of the Defendants was the proximate cause of the plaintiff's injury. *Harmoni International Spice, Inc. v. Hume*, 914 F.3d 648, 651 (9th Cir. 2019)

16. The Plaintiff brings this Complaint RICO 18 U.S.C. § 1962(c) and (d), the conduct and conspiracy prongs of the statute.

17.    Pursuant to 18 U.S.C. § 1962(c), the Plaintiff brings this lawsuit against all Defendants'

(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known

as "predicate acts"), (5) causing injury to the Plaintiff and her minor children by the

conduct constituting the violations and criminal activities set forth herein.. *See Living*

*Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

18.    The Defendants each committed criminal acts and conduct and had some part in

directing the affairs of their criminal enterprise. [3]

19.    The Defendants conducted a pattern of racketeering activity, which resulted in

irreparable harm to the Plaintiff and her minor children, from on or about February 4,

2013.[4]

20.    The Defendants each conspired and schemed and conducted a criminal enterprise

involving the exploitation and abuse of minors and conspired and conducted cover ups to

conceal their ongoing criminal activity in the same.[5]

---

[3] The conduct element of § 1962(c) requires that the defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (holding that accountants hired to perform audit of cooperative's records did not participate in "operation or management" of cooperative's affairs by failing to inform cooperative's board of directors that cooperative was arguably insolvent). In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal." *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (holding that attorney's performance of services for alleged associated-in-fact enterprise was not sufficient to satisfy § 1962(c)'s conduct element).

[4] A pattern is defined as "at least two acts of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5). Proving two predicate acts is a necessary condition for finding a violation but may not be sufficient. *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989). To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." *Id*.; *Sever*, 978 F.2d at 1529.

[5] An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The "definition is not very

21.    The Defendants criminal conduct was interrelated in purpose and scope and embraced

criminal acts that had the same or similar purposes, results, participants, victims, or

methods of commission, or otherwise are interrelated by distinguishing characteristics and

were not isolated events.[6]

22.    The criminal conduct of the Defendants was "long term" as defined under the RICO

Act, beginning at least on or before February 4, 2013, and continuing until present day.[7]

23.    The Plaintiff alleges that the misconduct and criminal activity constitutes racketeering

activity because the relevant conduct consists of at least one of the indictable predicate acts

listed in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985)

("'[R]acketeering activity' consists of no more and no less than commission of a predicate

act.").

24.    Plaintiff alleges that the Defendants' conduct involved violations and criminal conduct

through predicate offenses pursuant to: §§ 1461–1465 (relating to obscene matter); §1503

(relating to obstruction of justice); §1510 (relating to obstruction of criminal

---

demanding." *Odom*, 486 F.3d at 548. RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by an economic purpose. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 262 (1994).

[6] Related conduct "embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J., Inc.*, 492 U.S. at 240. Relatedness of the alleged or proven predicate acts is rarely an issue. *See Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987) (finding alleged predicate acts to be related.)

[7] The continuity requirement reflects Congress's concern in RICO with long-term criminal conduct. *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989). To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." Plaintiffs must prove either "open-ended" or "closed-ended" continuity—that is, a plaintiff must either prove a series of related predicate acts committed over a substantial period of time (known as closed-ended continuity) or show past conduct that by its nature projects into the future with a threat of repetition (known as open-ended continuity). *See Howard v. Am. Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000)

investigations); §1511 (relating to the obstruction of State or local law enforcement); §1512 (relating to tampering with a witness, victim, or an informant); §1513 (relating to retaliating against a witness, victim, or an informant); §§ 1581–1592 (relating to peonage, slavery, and trafficking in persons); §1952 (relating to racketeering); §§2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children); §§2421–24 (relating to white slave traffic); and title 18, United States Code: Section 201 (relating to bribery).

25.    The RICO Act required predicate acts alleged by the Plaintiff and committed by the Defendants are proven upon the record as it exists and by a preponderance of the evidence. *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 531-32 (9th Cir. 1987).

26.    This case is brought by the Plaintiff, Stacey Pynn, and it is based upon the reckless and harmful endangerment and neglect and abuse of minor children involving, but not limited to, violent physical and sexual abuse, molestation, and sex trafficking of children and the cover up of these crimes, being conducted in the state of New York involving each of the Defendants.

27.    The Defendants all conducted, and continue to conduct knowingly and willfully, at various and sundry times, violent, abusive, neglectful, predatory, criminal and harmful acts against children. All Defendants listed above were, or still are, directly or indirectly involved in the perpetration and conspiracy to abuse children and the cover up of these crimes, as proven upon the record of proceedings and the testimony of the victims. The Defendants perpetrate, promote and cover up these crimes in a continuing criminal enterprise.

28.     The Plaintiff seeks compensatory and punitive damages based upon the ongoing pain and suffering resulting from the abuses committed, tolerated, and allowed to continue unchecked, by all Defendants, who all at some time and in some way participated directly or indirectly in this criminal abuse of the Plaintiff's children, and other children, in violation of the laws of the State of New York and the United States.

29.     The scheme of child sex trafficking, sexual abuse, molestation and kidnapping of minor children, and the cover up of these crimes, under the guise of child protection, involves each of the Defendants. These abuses constitute violation of the criminal codes of both the State of New York and the United States as set forth more specifically herein.

30.     Over the course of many years the Defendants directly or indirectly, through means jointly and severally, at various and sundry times, sexually exploited and abused minor children through a scheme involving the child protective services administrations of the state of New York, and the New York Court systems.

31.     These abuses were conducted at various places and involved various institutions enacted and organized under the guise of protecting the rights of these abused children. These abuses involved the abduction of children from their individual and jointly married parents under the guise of child protection. The system, and status quo, of the administrative and judicial institutions set forth herein conducted the crimes willfully and knowingly to the exploitation of numerous minor children throughout the state of New York in violation of the laws of the United States, as set furthermore specifically herein below.

32.    Defendant Matthew Pynn, in conjunction with and through conspiracy and direct involvement in these crimes, with the aiding and abetting of the other Defendants conspired and actively jointly and severally permitted, allowed, corroborated, authorized, participated in, sanctioned, endorsed and covered up, criminal activity in conjunction with Defendant Matthew Pynn were, and continue to be involved in a scheme of child sex trafficking and cover-ups and continued sexual abuse and molestation and sex-trafficking of minors.

33.    To wit, from at least on or about May 10, 2013, up to and including today, Matthew Pynn and his codefendants were involved in the sanctioned illegal abduction, through court ordered removal of custody from custodial parents, through false premises, and other means set forth more specifically herein, caused to be enticed and actually removed and "kidnapped" minor children for the purposes of engaging said minor children in abusive sex acts and molestation and abuse.

34.    Furthermore, Matthew Pynn and the codefendants did conspire and involve themselves in order to ensure and maintain the supply of children, and to increase the supply of victims.

35.    Matthew Pynn and his codefendants used and implemented the Court system and protective services established and used the confidentiality afforded by these forums for the purposes of child protection to discretely supply these victims under the guise child protection.

36.    Defendant Matthew Pynn's sexually abused his own children. Plaintiff's own and other children, some as young as six years of age, were also either directly or indirectly abused by the codefendants and coconspirators through coercion, grooming and provision of further victims.

37.    In creating and maintaining this network of minor victims throughout the State of New York designed to sexually abuse and exploit minor children, Matthew Pynn and his associates and codefendants worked and conspired together to provide victims through the New York Child Protective Services system, which were established and obligated to the protection of children.

38.    With the sanctioning, endorsement, involvement and protection of the Defendants Defendant Matthew Pynn has been allowed to continue to sexually abuse, repeatedly strangulate and neglect Plaintiffs four minor children. All Defendants neglected and participated either directly or indirectly in this criminal conduct.

39.    All Defendants, including Matthew Pynn and his codefendants as accomplices, aid and abettors, and coconspirators have knowingly and willfully refused and neglected to perform their legal duties of office owed and demanded from their positions and employment owed to people in the state of New York.

40.    All Defendants have knowingly and willfully refused to follow, neglected, and violated the Rules of Civil Procedure governing our courts, and the rules and requirements

applicable to child protection services required to ensure the safety of mine and other children in the state of New York, and denied constitutionally guaranteed due process to the victims and parents of the abused and neglected children.

To wit,

(A)      The state of New York knowingly and willfully circumvented, neglected, violated, and/or refused to implement policies and procedures in place, or that should have been implemented and put into place, designed to prevent fraud and abuse and standards and procedures concerning conflicts of interests among persons.

(B)      The state of New York refused to maintain diligent hiring practices and employee oversight, as required.

(C)      The state of New York knowingly and willfully refused to investigate reports, tips, and evidence of child abuse, sexual abuse, strangulation and physical abuse of minor children, and in incidents where these abuses were known to the State of New York, the State of New York knowingly, willfully and criminally covered them up.

(D)      The state of New York knowingly and willfully refused to perform its obligation to prevent the abuse of children in any and all ways, by any and all means, and to prevent further abuse from occurring.

## PARTIES

41.    Plaintiff, Stacey Pynn, is a resident of the State of New York and resides at 7217 Woodmore Court, Lockport, New York 14094. She is mother to the four children abused by Defendant Matthew Pynn and the other Defendants.  She is a licensed physician

12

assistant, notary public and a certified paralegal. She is court watcher and founder of The Lock Keeper Court Watchers, LLC.

42.    Defendant New York State Unified Court System ("NYS UCS") is a department of government of New York State that includes all courts in New York State and provides a broad range of services to promote the rule of law and strives to deliver Justice for all. It consists of twelve (12) State and Federal-funded courts. They include three appellate courts – the Court of Appeals, the Appellate Divisions of the Supreme Court and the Appellate Term of the Supreme Court – and nine trial courts – the Supreme Cout, the Court of Claims, County Court, Family Court, Surrogate's Court and Criminal Courts of New York City, the District Courts on Long Island, and the City Courts outside New York City. Defendant NYS UCS is located at 25 Beaver Street, 8th Floor Room 830, New York, New York 10004.

43.    Defendant New York State Office of Court Administration (herein after "NYS OCA") is an administrative arm of NYS UCS that is responsible for financing and management of all courts in the NYS UCS, including Family Court; Defendant NYS OCA is located at Office of Court Administration, Rm. 852 25 Beaver Street New York, NY 10004.

44.    Defendant Niagara County Department of Social Services (herein after "Niagara DSS") is a New York State Local Department of Social Services located in Niagara County, New York, This Defendant is located at 301 10th street, Niagara Falls, NY 14302.

45.    Defendant Niagara County Child Protective Services (herein after "Niagara CPS") is a subdivision of Niagara DSS, charged with investigating reports of child abuse or neglect, whose purpose is to ensure that children are safe to prevent any future abuse or neglect through the provision of supportive services. This Defendant is located at 301 Tenth Street, Niagara Falls, NY, 14302.

46.    Defendant Niagara County Clerk's Office is a department of the government of Niagara County maintains official governmental records, including official court records and documents. This Defendant is located at Niagara County Courthouse, PO Box 461, 175 Hawley Street, 1st Floor, Lockport, NY 14095-0461

47.    Defendant Lawrence Marks NYS OCA Registration # 1871508 is an Attorney in the State of New York and is the former Chief Administrative Judge of the NYS UCS.  He was responsible as "chief executive officer" in the exercise of the functions, powers, and duties of a "public employer" under the provisions of article fourteen of the civil service law.  He was responsible for overseeing the day-to-day operation of the New York Statewide court system pursuant to N.Y. Jud. Law §212.  He was responsible for holding hearings on conduct investigations and promulgating rules of conduct for judges in New York State. He is responsible for the appointment of Defendants Kevin Carter as Administrative Judge of the New York State Eighth (8th) Judicial District and Keith D. Kibler as the New York State Family Court Supervising Judge of the Eighth (8th) Judicial District. This Defendant is located at 25 Beaver Street Room 852 New York, NY 10004.

48.     Defendant Norman St. George NYS OCA Registration # 2249522 is an attorney

registered in New York State and is the Deputy Chief Administrative Judge in New York

State. He is responsible for overseeing all trial-level courts throughout New York State,

along with the departments and operations within the Office of Court Administration. He

is responsible for receiving, reviewing and investigating complaints about the conduct of

the courts within New York State. This Defendant is located at 100 Supreme Court Drive

Mineola, NY 11501.


49.     Defendant Kevin M. Carter NYS OCA Registration #2420016 is an attorney in the state

of New York. He is currently the purported Administrative Judge of the New York State

Eighth (8th) Judicial District. His responsibilities include ensuring due process in court,

holding hearings on conduct investigations in accordance with the Rules of the Chief

Administrative Judge and authorizing the transfer of court proceedings from one judge to

another. This Defendant is located at Erie County Hall 92 Franklin Street, 3rd floor.

Buffalo, NY 14202


50.     Defendant Andrew Isenberg, NYS OCA Registration #2534113 is an attorney in

the state of New York. At all times during this complaint, he was the executive assistant to

Defendant Kevin M. Carter. This Defendant is located at Erie County Hall 92 Franklin

Street, 3rd floor. Buffalo, NY 14202.


51.     Defendant Dean Puleo, NYS OCA Registration #4105045 is an attorney in the state

of New York. At all times during this complaint, he was the assistant to Defendant Kevin M. Carter for Town and Village Courts in the State of New York 8th Judicial District. This Defendant is located at 92 Franklin Street Fl 3rd Buffalo, New York 14202.

52.    Defendant Keith D. Kibler, He is a supervising judge of the Eighth (8th) Judicial District This Defendant is located at 189 N Main St., Warsaw, NY 14569.

53.    Defendant Daniel J. Furlong is a Justice of the New York State Supreme Court, Eighth (8th) Judicial District. This Defendant is located at Erie County Court Building 25 Delaware Avenue, Ground floor, Buffalo, NY 14202.

54.    Defendant Frank Sedita III Registration # 2134468 is a New York Supreme Court Judge in the Eighth Judicial District. This Defendant is located at Niagara County Courthouse 175 Hawley Street Lockport, NY 14094.

55.    Defendant Catherine Nugent-Panepinto is a justice of the Supreme Court, 8th Judicial District. Her term expires December 31, 2024. This Defendant is located at 92 Franklin St, Buffalo, NY 14202.

56.    Defendant Claude Joerg, Registration# 1936525 is the Niagara County Attorney. This Defendant is located at 175 Hawley St., Lockport, NY 14094.

57.    Defendant Joseph Jastrzemski is the Niagara County Clerk

This Defendant is located at 175 Hawley St., Lockport, NY 14094.

58.    Defendant Lisa Kessler is an employee of the Niagara County Clerk's Office. This Defendant is located at 175 Hawley St., Lockport, NY 14094.

59.    Defendant David Haylett Jr. Registration #5187356 is an1 attorney for Defendant Niagara County Department of Social Services.  He is a partner at Seaman Norris LLP. This Defendant is located at 175 Hawley Street19, Lockport NY 14095.

60.    Defendant Nicholas D'Angelo is a disbarred attorney formerly employed by the Defendant Niagara County Department of Social Services. He is a convicted sex offender. Mr. D'Angelo is a violent eight-time-convicted felony serial rapist. Defendant is located at 4217 Ridge Road Lockport, New York 14094.

61.    Defendant Meghan Lutz is a Niagara County Department of Social Services Commissioner.  As a Social Services Commissioner she oversees the overall operations, including training and hiring of Niagara County Child Protective Services employees.  This Defendant is located at 301 10th street, Niagara Falls, NY 14302.

62.    Defendant Bianca Gatto at all times during this Complaint is a supervisor for Niagara County Child Protective Services.  She is responsible for overseeing the conduct and training of caseworkers.  This Defendant is located at 301 10th St, Niagara Falls, NY 14303.

63.     Defendant Rhonda Platt is a caseworker for Niagara County Child Protective Services. She is charged with conducting investigations concerned with child welfare.    This Defendant is located at 301 10th St, Niagara Falls, NY 14303.

64.     Defendant Charles P. Ben NYS OCA Registration #1790443 was at all times during this Complaint an attorney in the State of New York.  He is the attorney for children in the state of  New York Supreme Court, county of  Niagara This Defendant is located at 193 East Ave. Lockport, NY 14094.

65.     Defendant David Nathanson at all times during this complaint is a purported forensic psychologist licensed in New York State license #013295. This Defendant is located at 1275 Delaware Ave. Buffalo, NY 14209.

66.     Defendant Ronald Wilson is a New York State Trooper Investigator, Troop A in Batavia New York.  This Defendant is located at 4525 W Saile Dr, Batavia, NY 14020.

67.     Stanley Edwards III is a New York State Trooper Major and Commander of Troop A. He is also on the New York State Police Internal Affairs Bureau Western Region for Professional Standards.  This Defendant is located at 4525 W Saile Dr, Batavia, NY 14020.

68.     Defendant John Spero is a New York State Trooper Investigator, shield #953This Defendant is located at 6566 Dysinger Road, Lockport, New York 14094.

69.    Defendant, Matthew Pynn, is an attorney licensed to practice in New York Registration

NYS OCA #2603744 and was a Chapter 7 Bankruptcy Debtor in the year 2015He is a

former attorney for Defendant Niagara County CPS and current employee of Defendant

Niagara County as a Public Defender frequently appearing regularly in all courts located

around Niagara County.  He stands accused of sexual abuse and the strangulation of his

own children. This Defendant is located at 112 LeVan Avenue Lockport, New York 14094.

### FACTUAL BACKGROUND

70.    From February 27, 2002, to the present Defendant Matthew Pynn has been employed as

an attorney by Niagara County, initially as an Assistant Social Services Attorney for the

Niagara County Department of Social Services, and for the past twenty (20) years a

Niagara County Public Defender.  Due to the nature of his job as a Niagara County Public

Defender, he works regularly within the courts located in Niagara County and as a result is

well acquainted with judges, court officials and court staffers.  He is also well acquainted

with local police and other investigative officers, especially child welfare investigators for

Defendant Niagara County CPS since at one time he was also employed there.

71.    Plaintiff Stacey Pynn and Defendant Matthew Pynn were married June 15, 2002, and

four children resulted from their marriage, female HP born April 10, 2006, male LP born

December 22, 2006, and twin females MP and AP born December 16, 2009.  On or around

May 10, 2013, Defendant Stacey Pynn filed for divorce in the New York State Supreme

Court, County of Niagara case e150065/2013.

72.     Plaintiff Stacey Pynn was unaware at the time that the courts and child welfare agencies

located in and around Niagara County had conspired to criminally cover up the severe child

abuse and maltreatment committed by her then spouse Defendant Matthew Pynn.


**A. The Reprehensible Hiring Practice of the New York State Courts and Child Welfare
Agencies in Niagara County is Well Known yet the State Courts and Niagara
County Do Little or Nothing or Attempts to Conceal the Issues from the Public.**

73.     The reprehensible hiring practices and inhumane treatment in the New York State courts

detailed herein involve failures to prevent fraud, abuse, and conflict of interest among

persons are in violation of 42 United States Code §602(6) and illegally violate New York

State's contract with the Federal Government to receive Title IV Federal Funding under the

Child Abuse Prevention and Treatment Act ("CAPTA"). These deliberate and knowingly

made fraudulent violations of the False Claims Act mandate that the state must pay back

threefold the multi-millions it has fraudulently received to the United States government

and the federal taxpayers that the state of New York has bilked out of these fraudulently

obtained proceeds. Indeed, New York State should be denied future Federal Funding

immediately, or else, through association and allowing this fraud to continue the United

States government itself is complicit in not only the fraud but also the horrific crimes

against children and families which are being committed by the State of New York through

its agents.

74.     The Defendants have all conspired and actually committed and covered up the hiring of

multiple disgraced criminal public officials. Defendant Matthew Pynn's child sexual abuse,

strangulation and other multiple forms of child abuse, all of which have been proven and exist as a matter of public record, constitute criminal conduct under to 18 U.S. Code § 3509 - Child victims' and child witnesses' rights[8] and 42 U.S.C. § 13031[9], and 18 U.S.C. § 2241– Aggravated sexual abuse 18 U.S.C. § 2242– Sexual abuse, 18 U.S.C. § 2243– Sexual abuse of a minor or ward and 18 U.S.C. § 2244– Abusive sexual contact, and 18 U.S. Code § 3231.

75.   Endorsement of these criminal acts by administrators of the courts and child welfare protective services and the judges violate New York state's Title IV Federal Funding income requirements.  See 45 CFR §302 State Plan Requirements, See *Blessing v. Freestone*, 520 U.S. 329 (1997) "Congress authorized the Secretary of Health and Human Services (Secretary) to audit and cut off funds to States whose programs do not substantially comply with Title IVs (contract) requirements."

76.   Considering the extensive monetary income obtained through the New York state's defrauding of the Title IV federal funding program, the fraudsters should and must be prosecuted under the law.

77.   Plaintiff's children are victims of child sex trafficking by the Defendants, including the government officials involved as alleged herein.

---

[8] 18 U.S. Code § 3509 - Child victims' and child witnesses' rights

[9] Under 42 U.S.C. § 13031—a provision of the Victims of Child Abuse Act of 1990—all covered professionals who learn of suspected child abuse while engaged in enumerated activities and professions on federal land or in federal facilities must report that abuse, regardless of where the suspected victim is cared for or resides..

78.    Many of these predatory and corrupt government officials have failed or neglected to take and file their lawfully obligated public officer's oath of office in violation of New York State Public Officer's Law §10.  Many have defective oaths.  They have failed to establish a trust they will uphold the U.S. and New York State Constitution in their elected or appointed role.  See *Cooper V. Aaron* 358 U.S.1, 78 S. Ct. 1401 (1925) "any judge who doe not comply with his oath to the Constitution of the United States wars against the Constitution and engages in acts in violation of the supreme law of the land.  The judge has engaged in acts of treason.  The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can wage war against the Constitution without violating his undertaking to support it."  No state legislator or executive or judicial officer can wage war against the Constitution without violating his solemn oath to support it.  P. 358 U.S.18.

**The New York Senate held a hearing on November 1, 2023, calling the New York state Family Court System "dehumanizing" and involving a "demeaning cattle-call culture."**

79.    The Defendants' reprehensible conduct and inhumane treatment of people is public knowledge and described herein:

80.    Defendant Lawrence Marks stepped down from his position as Chief Administrative Judge amidst an investigation by the New York State Civil Liberties Union and his role in a confidential memorandum advising judges to ignore certain evidence in Temporary Orders of Protection.  Defendant Lawrence Marks's oath for his position as Chief Administrative Judge of the NYS UCS is defective and therefore not valid thus failing his lawful

obligation as a public officer to establish a trust that he will uphold the U.S. Constitution. This also complicates any assigns by Defendant Lawrence Marks that they are void given the vacatur of his position as Chief Administrative Judge *ab initio* due to the self-executing effects of New York State Public Officer's Law §30(h).  His last reported pay for this position by his employer New York State was $227,800 in the year 2022.

81.    Defendant Norman St. George has failed to file his public officer oath with the New York State Department of State for his position of the First Deputy Administrative Judge in New York State.  As such his position is vacant pursuant to New York State Public Officer's Law §30(h) and he is not afforded the statutory protections of his position as a public official.  His publicly reported New York State pay for this position in the year 2022 was $222,200.

82.    Defendant Niagara County has been under public fire for reprehensible hiring practices, See the Investigative Post Scheer, Mark "Niagara County Keeps Hiring Disgraced GOPers… Not Even Felonies Disqualify Job Candidates" Jan. 30, 2021, <u>Niagara County keeps hiring disgraced GOPers - Investigative Post : Investigative Post</u> last visited May 13, 2024, noting among other troubling county employees, the Niagara County employment trainer Glenn Aronow is a disgraced former senate staffer, who lost his post due to sexual harassment.

83.    Defendant Niagara County Department of Social Services has been under public fire for the blunder in hiring Defendant Nicholas D'Angelo as a Child Protective Services Attorney who at the time of his hiring to work for the Department was a publicly known sex offender

who offended on a fourteen year old girl in a school hallway, see the Niagara Gazette, Pfifer, Rick, "Judge to monitor Falls student | Local News | niagara-gazette.com" August 15, 2010, last visited May 14, 2024.

84.    A social media group on Facebook exists solely dedicated to Defendant Kevin M. Carter, "Wrecking Families" as a Family Court Judge and Eighth Judicial District Administrator. Defendant Kevin M. Carter failed to file his public officer oath for his position as Administrator to the 8th Judicial District with New York State in violation of New York State Public Officer's Law §10. As such his position is vacant pursuant to New York State Public Officer's Law §30 (h) and he is not afforded the statutory protections of his position as a public official. His last publicly reported income for this position is $218,500 in the year 2023.

85.    Defendant Andrew Isenberg, legal assistant to the Defendant Kevin M. Carter in the Eighth Administrative Judicial Office was arrested for inappropriate conduct in a boy's locker room on March 25, 2023, see Spectrum News, Skoog, Katie "Two people, including state court official, arrested in Alumni Arena men's locker room - The Spectrum (ubspectrum.com)", March 25, 2023, last visited May 14, 2024. His last publicly reported pay for this position in the year 2022 was $170,884.

86.    Defendant Dean Puleo, another legal assistant to the Defendant Kevin M. Carter in the Eighth Administrative Judicial Office was arrested in his past for strangulating his much younger girlfriend on July 17, 2010, see The East Aurora Advertiser, "Puleo Pleads Not Guilty to Harassment Charge - East Aurora Advertiser (eastaurorany.com)" July 22, 2010,

last visited May 14, 2024.  His last publicly reported income for this position was $124,099 in 2023.

87.    Defendant Richard Kloch has a history of judicial misconduct  as a Court of Claims Judge in New York State, County of Niagara for his failure to recuse in cases involving his own family, see Niagara Gazette, Scheer, Mark, "Claim asks for Kloch's recusal | Local News | niagara-gazette.com" October 29, 2010, last visited May 14, 2024.  His last publicly reported income for this position was $210,322 in the year 2021.

88.    Defendant Daniel J. Furlong has made international news including Fox and the Tucker Carlson Show for his egregious adjudication as a Supreme Court Judge in the state of New York, county of Niagara, with Tucker Carlson stating, "I would rather have cancer than go through this."  See The Tucker Carlson Show, Carlson, Tucker, "Uncensored: The Battle for Parental Rights (tuckercarlson.com)" April 19, 2024.  Last visited May 14, 2024.  His last publicly reported income for this position was $210,900 in the year 2023.

89.    Defendant Frank Sedita III now a Supreme Court Judge in the state of New York, county of Niagara has received public scrutiny for an apparent bribery scheme, "pay to play".  See the Buffalo News, "Sedita strong arms his staff to pry big donations (buffalonews.com)" August 7, 2013.  Last visited May 14, 2024.  He ran unopposed and was elected as a Justice of the New York State Supreme Court, Eighth (8th) Judicial District in November 2015.  His last publicly reported income for this position was $210,900 in the year 2023.

90.     Defendant Sara Sheldon received public scrutiny when she presided on a case as

Supreme Court Judge in the state of New York, county of Niagara that her adjudication

was favorable to rapists.  See The Buffalo News, "Editorial: Judge's sentences diminished,

disrespected victims of rape (buffalonews.com)", Updated June 22, 2021, last visited May

14, 2024.  Her last publicly reported income for this position was $190,875 in the year

2016.

91.     Defendant Catherine Nugent-Panepinto is a disgraced Supreme Court Judge in the state

of New York, county of Niagara who was censored December 9, 2020, for violations of a

host of Rules Governing Judicial Conduct Sections 100.1, 100.2(A), 100.2(C), 100.3(B)(8),

100.4(A)(1) and (2) and 100.4(G) in another matter.  Her spouse is Marc C. Panepinto, a

former 60th District senate member, is also a censored attorney for sexually inappropriate

conduct whose license was temporarily suspended at two different times, and he spent time

in prison for "bid to cover up sexual advances."  Newspapers also reported complaints that

Catherine Nugent-Panepinto was serving alcohol to minors at her residence, see The

Buffalo News, McCarthy, Robert "City Honors parents complained about Panepinto

underage drinking parties", https://buffalonews.com/news/local/city-honors-parents-

complained-about-panepinto-underage-drinking-parties/article_c0f873b6-04b6-536b-abd2-

df31365fd12b.html.  Last visited May 22, 2024.  She has failed to properly file her lawfully

obligated public officer oath pursuant to New York State Public Officer's Law §10 and

therefore her position of judge is vacant *ab initio* pursuant to the self-executing effects of

New York State Public Officer's Law §30(h).  Her last publicly reported income for this

position was $210,900 in the year 2023.

92.    Defendant Joseph Jastrezemski has had allegations of harassment levied against him in his official capacity as the Niagara County Clerk that he racially discriminated and sexually harassed a former courier of Defendant Niagara County Clerk's Office.  See The Buffalo News, Prohaska, Thomas, "State agency holds hearing on harassment charges against Niagara County clerk (buffalonews.com)", March 7, 2022.  Last visited May 14, 2024.  His publicly reported pay was $102,981 in the year 2022 for this position.

93.    Defendant Claude Joerg has received complaints that he abuses his position as the Niagara County Attorney to secure legal cases for his attorney family.  See the Niagara Gazette, Sheer, Mark, "Firm employing county attorney's son hired to defend migrant case | Local News | niagara-gazette.com" July 27, 2023.  Last visited May 14, 2024.  He is also the chair of the Niagara County Ethics Committee.  His last reported income for the position as a Niagara County Attorney in the year 2022 was $144,231.

94.    Defendant Charles P. Ben was formally advised by the Attorney Grievance Committee for violation of confidentiality pursuant to New York State Judiciary Law §90 on December 13, 2019, and has been subject to a legal malpractice case that settled outside of court in the State of New York Supreme Court, County of Niagara by Ricky Longfritz in August 2016 case e159324/2016. His attorney father was also grieved in the past for maintaining conflict-of-interest cases, and Defendant Charles P. Ben was involved in that matter.

95.    Defendant Nicholas D'Angelo, now disbarred, was a registered attorney in the State of New York.  He was an attorney who formerly worked for Defendant Niagara County CPS. He was hired despite it being publicly known that he was a child sex offender and is now

deemed a level three (3) serial violent sex offender after a plea for eight (8) felony rape charges including a sixteen-year-old child who was a ward of the state. See WKBW local news, "Attorney pleads guilty to multiple charges for sexually assaulting victims. (wkbw.com)" April 25, 2023. Last visited May 14, 202. Defendant Nicholas D'Angelo only got a suspicious deal of four months in jail and an agreement not to prosecute him for any other remaining crimes despite the violation of 18 U.S.C. §2243, (child sex trafficking via his position with Defendant Niagara County Child Protective Services), for which local media and the courts horrifically defamed the child victim an "under-age prostitute."

96.     Defendant Bianca Gatto is a product Niagara County's nepotism in hiring practices. She

is employed by Defendant Niagara County as a Child Protective Services supervisor.  Her

aunt is Pamela Gatto, her mother is Christine Gatto, and her father is Anthony Gatto.  Her

aunt, mother and father all employees of Niagara with Child Protective Services/DSS.

Each has worked with Defendant Matthew Pynn during his employment in Niagara County

Child Protection.  Complaints circulated the internet upon her hiring to work for Niagara

County Child Protective Services alleging nepotism in favor of her over more suitable

candidates who scored much higher on their civil service exams.  She ranked 30th on her

civil service exam June 29, 2012, yet was hired above all these candidates who scored

better. For her position, and for her involvement in the sexual abuse of children, in the year

2022 she was paid $62,244.

97.     Defendant David Nathanson has received nearly a dozen or more complaints submitted

to his oversight the Office of Professional Discipline for his license through the New York

State Department of Education.  One mom complained that he constructed a report that

recommended she lose custody because at one time she cried in front of her son during a

custody battle.  Another couple complained that David Nathanson called them delusional

when they complained to him their child was not safe, and that child was later murdered.

He is a very controversial forensic psychologist within the courts and the concern is he is

recommending custody to child abusers over the safe parent.

98.     Defendant Ronald Wilson is a corrupt New York State Police Officer that has been

disciplined for multiple preventable auto and drunk driving collisions.  The most recent

auto collision on April 24, 2021, on Southwestern Boulevard in Orchard Park New York

involved Defendant Ronald Wilson driving while intoxicated after drinking at least 5

scotch and sodas "in pint sized containers", one shot of unknown liquor, and one

Manhattan, was witnessed to be speeding and hit the vehicle of a developmentally disabled

person. Ronald Wilson, as a matter of record, lied to police initially when asked if he was

the driver of the vehicle. He received 35 days suspension without pay and is still a New

York State Police Officer today. This criminally corrupts police officer is paid $161,391

and is allowed to conduct himself unchecked while violating the laws of the state of New

York which would land civilians in prison.

99.    Defendant Stanely Edwards III has failed to file his public officer's oath to the New

York State Department of State pursuant to New York State Public Officer's Law §10,

therefore his position is vacant pursuant to the self-executing effects of New York State

Public Officer's Law §30. His last publicly reported income for this position in 2023 was

$185,973.

100.    Defendant Matthew Pynn is an attorney for Defendant Niagara County formerly for

Child Protection Services and current Public Defender. He is currently still licensed and

allowed to practice law in the state of New York. His children disclosed sexual abuse and

strangulation by him. He has been substantiated for child abuse / maltreatment four times

by Erie County Child Protective Services in New York for medical neglect, inadequate

guardianship and educational neglect. He filed Chapter 7 Bankruptcy on December 31,

2015. He has been fined by the New York State Worker's Compensation Board for

$3000.00 and closed his law practice.

**B.   The United States is Among the Top Three Countries in the World For Child Sex Trafficking According to Our Own Government and a Main Way Children Are Sought is Through The Child Welfare System.**

101.    The United States Department of State on Human Trafficking has consistently reported the United States is among the top three countries in the world for human trafficking.  The report explained and confirmed that children are provided to pedophiles through the foster care system.  New York State is among the top four states, (among California, Texas and Florida) in the U.S. for child sex trafficking according to these reports.

102.    For over a decade, Plaintiff, her four children and multiple other concerned reporters reported to the Courts and Defendant Niagara County CPS that the child abuse ring now in place in the child protective services system and is always swept under the rug by the Defendants.

103.    Despite the plethora of evidence that the Plaintiff's children were sexually abused, strangulated, and harshly neglected, by Defendant Matthew Pynn, in lieu of protecting the children and Plaintiff, the Defendants, for over a decade, committed, conspired to commit and covered up the child sexual abuse, strangulation and multiple forms of woeful neglect of the Defendant Matthew Pynn by denial of a fair forum for court and Child Protection investigations. Defendants also knowingly and willfully created biased reports and or obstructed documents from official court records to affect adjudication and protect themselves from their personal involvement being revealed.

104.   Plaintiff was denied her right to access the courts by the Defendants.

105.   Defendants tampered with witnesses including threatening, intimidating, harassing, falsely arresting Plaintiff Stacey Pynn.

106.   Defendants directed counselors to ignore past and ongoing medical evidence of sexual abuse by the Defendant Matthew Pynn.

107.   Defendants knowingly and willfully ignored evidence and the children's protected own abuse allegations.

108.   Defendants harshly restricted Plaintiff from any meaningful access to her children and from participating in medical care (despite Stacey Pynn being a current licensed physician assistant and the Defendant being substantiated for medical neglect by another outside CPS agency).

109.   Defendants failed and refused to properly investigate and arrest Defendant Matthew Pynn for his role in the ongoing sexual abuse and molestation of his own minor children and covered up the same. Defendants knowing and willful refusal and failure to protect Plaintiff and her children resulted in irreparable harm.

110.   Defendants have knowingly and willfully maintained the minor children in the custody of their abuser, despite the children failing to thrive emotionally, educationally and physically, to their own detriment and peril.

111.    On April 12, 2023, Plaintiff Stacey Pynn publicly interviewed "Tiffany", who is also one of Matthew Pynn's victims, (on the podcast How to Fight CPS and Win the New York Edition, https://www.youtube.com/watch?v=SRor_S8j0XU). This Victim provided public witness testimony that Matthew Pynn was involved in her four children being trafficked to their pedophile father. Tiffany stated that she was sixteen when the pedophile captured her. The pedophile's age was forty-four. She stated that Matthew Pynn sexually trafficked children via adoption to a former Niagara County New York foster parent "Sherri" whom he knew to be a pedophile. This is not surprising since attorney Matthew Pynn is himself a pedophile as a matter of record.

112.    Tiffany detailed that this Sherri was the girlfriend of another Niagara County Child Protection Services attorney Susan Sussman. Sussman used her position to "kidnap" children for their homosexual relationship involving the grooming and sexual abuse of children. When it became known that Sherri was sexually abusing the foster children in her care, according to Tiffany, Defendant Matthew Pynn represented her and knowingly and willfully continued to do adoptions for her after being made aware that she was abusing children.

113.    Among the issues in the interview, Plaintiff Stacey Pynn and Tiffany discuss how Stacey Pynn was able to participate in righting the wrongdoing of the Defendants and Matthew Pynn involving Niagara County CPS.

114.    Tiffany has since been granted sole custody of her children after escaping her captor, and the perpetrator is now free, but supervised due to his illegal-drug addiction and historic pattern of violence conducted in front of the minor children when in his care.

115.    Defendant Matthew Pynn's proclivity for children, molestation, and his involvement

in child sex trafficking is public knowledge, and a matter of record, and confirmed by mental

evaluation, yet law enforcement, the courts and Child Protection Services refuse to do

anything about it.


**C.  Case-Fixing Activities by Maintaining Confidential Investigations Contaminated by Conflict-of-Interest and Denial of a Fair and Impartial Forum**

116.    Between 2013 and 2024 the Defendant/s New York State Unified Court System and

Niagara County CPS received dozens of reports of child sexual abuse, strangulation and

other forms of child abuse / maltreatment and human rights violation committed by

Defendant Matthew Pynn.


117.    Despite their public officer oaths to uphold the U.S. and New York State Constitution

to afford Due Process, the requirements of 42 U.S.C. § 602(6) to avoid conflicts, and the

New York State Municipal Laws under Article 18 requiring due process, the courts and

child welfare agencies located in and around Niagara County maintained court cases,

misrepresented material facts, and omitted material critical information related to known

abuse of children in investigation reports of child abuse / maltreatment when Defendant

Matthew Pynn was involved.


118.    The court related Defendants and the social service Defendants named in this

complaint all maintained cases and failed their lawful obligations to disclose their conflicts

with Defendant Matthew Pynn and recuse, thus depriving Plaintiff Stacey Pynn of her Fifth

Amendment Right to a fair and impartial forum for court and Child Protection investigations.

119.    The court related Defendants and the social service Defendants named in this complaint conspired to maintain control of court and investigation narratives and outcomes as a means to protect Defendant Matthew Pynn from public exposure of his child abuse / maltreatment and give him custody of his children whom he victimized, and to conceal the trafficking of children under the guise of child protection.

**D. <u>Denial of a Fair Forum in the Courts Located in and Around Niagara County New York and the Conspiracy to Commit and Cover Up Child Sexual Assault and a Host of other Crimes from the Bench.</u>**

120.    Defendant Joseph Jastrzemski is the Niagara County Clerk.  In addition to overseeing the entire Niagara County Clerk's Office and filing and maintaining of official government records, the Clerk of the Court is also responsible for the assignment of Judges pursuant to N.Y. Comp. Codes R. & Regs. Tit. 22 §205.3(b).

121.    The electronic filing system used in the state of New York, county of Niagara Supreme court is called "NYSCEF".  The Niagara County Clerk's Office and the Defendants Joseph Jastrzemski and Lisa Kessler are charged with filing and maintaining official court records "docketing" in NYSCEF.  Within NYSCEF is the docket referred to herein as "NYSCEF Doc", (Exhibit A the NYSCEF Doc for the New York State Supreme Court case of Pynn v Pynn 3e150065/2013).

122.    Despite it being a Judge's obligation above the duty of others to follow the law and ensure due process in their courtroom, the court Defendants in this action in lieu of immediately disclosing their conflicts and affording a swift change of venue expansively violated Plaintiff's due process for over a decade by shifting the burden onto Plaintiff to prove why each and every single judge and lawyer must recuse or be disqualified. This is despite the fact that the condition of knowing defendant Matthew Pynn personally and professionally existed from onset of the case. A delay in justice is denial of justice.

123.    Over a dozen judges have recused or been disqualified for cause in the Niagara County Courts. Soon to be disqualified judge Defendant Kevin M. Carter has consistently denied all of Plaintiff Stacey Pynn's Motions for a change in venue, and this continues to the present time refusing to right his wrongdoings.

124.    Throughout Plaintiff's courtroom experience litigating against Defendant Matthew Pynn in Niagara County New York, she discovered that court records were massively corrupted, as described herein this Complaint. This constitutes criminal conduct in violation of 18 U.S.C §§ 1512, 2071, 3002 and New York State Penal Law§§§ 175.25 (tampering with government records), 195.00 (official misconduct), and 215.40 (tampering with evidence). This is further in violation of Plaintiff's First, Fifth, Ninth and Fourteenth Amendment Rights on her right of public access to the courts including her right of access to complete and accurate court records, her due process rights of complete and accurate court records with timely access, a fair forum, and her substantial civil and human rights to protect her children and raise them as their parent with meaningful unfettered access, and is in violation of the New York State Constitution.

125.    Each judicial defendant has created orders in conflict of interest despite a lawful

obligation to recuse.  This is fraud on the court such that the "impartiality of the court has

been corrupted so significantly that it cannot perform its tasks without bias or prejudice".

According to the doctrine of *Ex Parte Young*, when a state official violates the U.S.

Constitution, they have officially shed their jurisdiction and are acting in their personal

capacity.

126.    On February 4, 2013, one month prior to the filing of divorce, Defendant Matthew

Pynn made a $500.00 off cycle campaign donation, (No:  5449 dated February 4, 2013,

M&T Bank acct #022000046) to the Niagara County Republican Committee, which later

became infamously known in the public sector as Senator George Maziarz's "personal

slush fund" and resulted in Senator George Maziarz's stepping down from office upon his

arrest for use of campaign funds for personal expenses. Amidst the flurry of news being

reported on George Maziarz's arrest, commenters from the public referred to the Niagara

County Public Defenders, (where Defendant Matthew Pynn was working at the time) as the

"Maziarz boys."

127.    Plaintiff found a correspondence in Defendant Matthew Pynn's email

thepynnacle@yahoo.com dated November 15, 2006, at 5:40:55 AM EST whereas

Defendant Matthew Pynn corresponded with attorney Michael Benedict that Maziarz

"called me (Defendant Matthew Pynn) personally" and offered to do "anything he could to

help" fix his cases.

128.    An article was published in the Niagara Reporter with assistance from Carl Paladino on August 20, 2012 "Introducing the "George Maziarz Friends and Family Unemployment Reduction Plan", https://niagarapostdotcom.wordpress.com/2012/08/20/introducing-the-george-maziarz-friends-and-family-unemployment-reduction-plan. The article went on to describe jobs doled out by Maziarz to all his friends and family. The infamous names included many Defendants named in this herein Complaint but are not limited to:

- Beverly Maziarz "wife" secretary to Honorable Richard C. Kloch Sr, Acting Supreme Court Justice, Niagara County, appointed with the help of George Maziarz to whom Kloch publicly gave his thanks.
- Friend Judge Richard C. Kloch Sr. A Buffalo News article from June 14, 2001 quote by Kloch: "George Maziarz has worked unendingly, tirelessly, to get a Court of Claims judgeship appointment for his district... my family and I will be eternally grateful". Kloch is also the godfather of a son of Caroline Wojtaszek DA's son.

129.    The first Judge assigned to the case of *Pynn v. Pynn* in the state of New York Supreme Court, county of Niagara case #e150065/2013 was Defendant Catherine Nugent-Panepinto who is a publicly censured judge who did not recuse upon her own self initiative and whose public officer oath is not filed with the New York State Department of State. It was not until Plaintiff Stacey Pynn's then attorney discovered that Defendant Catherine Nugent-Panepinto's law clerk at the time was a client of Defendant Matthew Pynn's counsel and asked Defendant Catherine Nugent-Panepinto to disqualify herself. Catherine Nugent-Panepinto did so silently disqualify herself from the case. This was after Defendant Catherine Nugent-Panepinto created orders, to benefit Defendant Matthew Pynn. In regard to silent disqualifications, See *United States v. Tweel*, 550 F. 2d 297, 5th Cir. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an injury left unanswered would be intentionally misleading."

130.    Given the $500 off-cycle donation to George Maziarz's "personal slush fund" and given the names from the 2012 article assisted by Carl Paladino, it is then no surprise that the next judge assigned to the matter of *Pynn v Pynn* in the New York State Supreme Court, County of Niagara County case e150065/2013 was none other than Richard Kloch, Sr., whom George Maziarz's wife Beverly Maziarz was the secretary to, and who publicly stated in the Buffalo News on June 14, 2001 he is eternally grateful to George Maziarz for helping him secure his judicial position.

131.    Defendant Richard Kloch created several orders in *Pynn v Pynn* before he silently disqualified himself as detailed herein:

132.    Defendant Richard Kloch *sua sponte* assigned Defendant Charles P. Ben as attorney for the children.

133.    Despite a Judge's duty to ensure due process in his courtroom, Defendant Richard Kloch, failed to appropriately explore the circumstances of an apparent conflict as Defendant Charles P. Ben previously hired the Defendant Matthew Pynn to work for him for over a decade prior to his appointment to represent the Pynn's children.  They also share clients in common.

134.    Defendant Charles P. Ben also failed his requirement to disclose to Defendant Richard Kloch the full extent of his conflict to represent the children of Matthew and Stacey Pynn.

135.    Richard Kloch relied upon Defendant Charles P. Ben's testimony in court on of "I don't believe there's a conflict".

136.    This relationship between Defendant Matthew Pynn and Defendant Charles P. Ben is especially concerning when as a matter of record on August 24, 2017, Charles P. Ben admitted that the Plaintiff's children disclosed sexual abuse by their father to him, yet Charles P. Ben substituted judgment and conspired to commit criminal child sexual abuse by arguing custody to the children's sexually and physically abusive and woefully neglectful father in violation of his client's substantial human rights.

137.    Despite Plaintiff's children complaining Charles P. Ben was lying about their wishes, it was not until after ten (10) years of apparent attorney misconduct that March 7, 2023, Charles P. Ben finally admitted in court that his clients "indicated they would no longer want me as their counsel."

138.    On September 20, 2013, the children's pediatrician testified that he reported to Child Protective Services that Defendant Matthew Pynn neglected and sexually abused the Plaintiff's children.  Despite this alarming testimony, with reckless disregard of child welfare and safety, Defendant Richard Kloch recklessly and inhumanely awarded equal and unsupervised access to Defendant Matthew Pynn.

139.    Defendant Richard Kloch ordered a forensic custodial evaluation and *sua sponte* appointed, "cherry picked", the very controversial Defendant David Nathanson to conduct the report.

140.    The court order read that David Nathanson was only to evaluate the role alcohol played

in the marriage.  Despite this very narrow circumscribed order, David Nathanson conspired

to conceal the child sexual abuse of Defendant Matthew Pynn.


141.    Defendant David Nathanson took it upon his own self-direction, acting outside his court

order, to obstruct justice and called Defendant Niagara CPS and the New York State Police

"requesting" they do not talk to the Plaintiff's children about their sexual abuse allegations.


142.    Defendant David Nathanson took this action despite the very alarming personality

disorders elicited by Defendant David Nathanson's own testing that Defendant Matthew

Pynn has a hysteropsychopathic deviate personality disorder (34/43 Minnesota Multiphasic

Personality Inventory "MMPI" pattern and problems detected in the Parenting Stress Index

"PSI") with severe implications as a parent.


143.    David Nathanson obstructed these very pertinent MMPI 34/43 parenting implications

from his report to further conceal the dysfunction of Matthew Pynn as a parent.  This

medical misconduct and is a crime of obstruction of justice and witness tampering, as well

as a crime of aiding and abetting child sexual abuse 18 U.S.C. §§§ 2, 3,4, 241, 242,1512,

and 2071.  It is also a crime in New York State Penal Law §§§ 260.10 (child

endangerment) and 195.00 (official misconduct), and 120.25 (reckless indifference to life).


144.    Since these heinous crimes of David Nathanson, his reports from the years 2013 and

2015 have been completely discredited by updated reports from other psychiatrists and

psychologists.

145.    The disreputable Defendant Ronald Wilson, a New York State Trooper Investigator after being contacted by Defendant David Nathanson, failed his lawful obligation to properly investigate Defendant Matthew Pynn despite the evidence before him that indeed Defendant Matthw Pynn did sexually abuse and strangulate the Plaintiff's child(ren) and failed to protect the Plaintiff's children from harm thereby causing Plaintiff emotional harm and loss of time and enjoyment with her children.

146.    Defendant John Spero assisted the conspiracy among the codefendants when he created an unsworn letter on police letterhead dated March 28, 2019, containing knowing and willful false statements that he did an investigation and there was no indication "that Mr. Pynn ever acted in a manner that would be considered harmful to the welfare of his child."

147.    Defendant Stanley Edwards III as a New York State Police Officer in the Internal Affairs Bureau was made aware of the evidence of violent child abuse perpetrated by the Defendant Matthew Pynn and made aware of the conduct of Ronald Wilson and John Spero yet failed to right any wrongdoings.

148.    Defendant Richard Kloch told Plaintiff Stacey Pynn's then counsel that he knew Defendant "Matthew Pynn personally" and prejudged the matter stating, "and I don't think he did the things as alleged."

149.    Influenced by his preconceived bias in favor of Defendant Matthew Pynn, Defendant Richard Kloch ordered Plaintiff Stacey Pynn to pay $25,000.00 of the perpetrator Defendant Matthew Pynn's attorney fees, even though Defendant Matthew Pynn is an

attorney himself and his counsel only ever requested less than $1000 from him at the time, thereby exaggerating the unequal footing, a due process violation, of the litigants even stronger in favor of Matthew Pynn.

150.    Following a Motion for his disqualification filed February 22, 2017, Defendant Richard Kloch silently disqualified himself, therefore conceding to the alleged judicial fraud on the court.

151.    Unfortunately, the attorney affidavit and exhibits in support of this motion still appear to be obstructed from the official court record.  (See Exhibit A NYSCEF Doc #90.)

152.    As such, any and all orders created by Richard Kloch are a result of judicial fraud on the court.

153.    Defendant Sara Sheldon was the subsequent judge assigned to the matter of *Pynn v Pynn* in the state of New York Supreme Court, County of Niagara case# e150065/2013.

154.    Defendant Sara Sheldon fraudulently ordered Plaintiff Stacey Pynn's house to be listed for sale even though there was no judgment of divorce permitting equitable distribution of marital property.  See *Khan v Khan* (43 N.Y. 2d 203), which held that "unless a court alters the legal relationship of a husband and wife by granting a divorce... It has no authority to order the sale of the marital home owned by the parties as tenants by the entirety."

155.    After Defendant Sara Sheldon ordered the sale of the marital property absent a

judgment of divorce, it was discovered that her law clerk, Michael Benedict was a former

Niagara County Public Defender and co-worker with Defendant Matthew Pynn.  It was

further discovered that they were texting each other divorce and custody particulars

regarding the *Pynn v Pynn* matter.

156.    On December 14, 2017, Plaintiff Stacey Pynn's then counsel filed a motion seeking

Sara Sheldon's disqualification and she did so silently disqualify herself, therefore

conceding to the alleged judicial fraud on the court and therefore her conduct was acting

outside her judicial capacity.

157.    The Supporting Affidavits and Exhibits of the Sheldon disqualification motion were

obstructed from the official court record until February 8, 2023, which is six (6) years later

(See Exhibit A NYSCEF Doc #413), and after Plaintiff Stacey Pynn perfected appeals on the

matter.

158.    This obstructed document was material to Plaintiff's requests in the appellate courts for

custody and a change of venue, and thus Plaintiff Stacey Pynn was denied due process in her

appeals before the New York State Supreme Court Appellate Division Fourth Department

cases CA 22-00200, and CA 21-00160.  See *York Daily Record, et al. v Byrnes* (1:22-cv-

00361-SHR) U.S. District Court for the Middle District of Pennsylvania that determined a

First Amendment right of public access to the courts includes a right of timely access to

complete and accurate court records.

159.    As such, all orders resulting from Defendant Sara Sheldon are a result of judicial fraud

on the court.

160.    Upon the disqualification of Sara Sheldon, the next judge assigned in the New York

State Supreme Court, County of Niagara was Defendant Daniel J. Furlong.

161.    Defendant Daniel J. Furlong created several court orders before he silently

disqualified himself from *Pynn v Pynn*. Plaintiff suffered severe injury and emotional harm

while Defendant Daniel J. Furlong, presided on her case.

162.    Defendant Daniel J. Furlong carried out Defendant Sara Sheldon's unlawful order and

directed Plaintiff Stacey Pynn to give Defendant Matthew Pynn $65,000 to buy "his share"

of the marital residence prior to their divorce and prior to equitable distribution.

163.    This was an unlawful ruling outside Daniel J Furlong's judicial jurisdiction as set forth

by the ruling in *Khan* and is and was a theft of assets from Plaintiff Stacey Pynn intended

to financially batter her and pay for the Defendant's kidnapping and trafficking of her

children to their perpetrator of child violent physical and sexual abuse.

164.    The $65,000.00 Plaintiff was ordered to give to Matthew Pynn for "his" portion of the

homestead even though he didn't pay any mortgage, taxes or upkeep on the house for five

years is in addition to the $25,000.00 Richard Kloch ordered Plaintiff to pay Defendant

Matthew Pynn for attorney fees even though Defendant is an attorney himself and he never

paid more than $1000.00 in attorney fees for his divorce at that time. This created an even

greater unequal footing, fifth Amendment due process violation, in favor of the Defendant

Matthew Pynn and funded the conspiracy to kidnap and traffic Plaintiff's children from her under the guise of the justice system.

165.    On June 7, 2018, Plaintiff's counsel filed a Motion to Disqualify Defendant Charles P. Ben as Attorney for Children citing his failure to fully disclose the nature of his relationship with Defendant Matthew Pynn and failure to obtain a signed waiver in writing for conflict-of-interest, and failure to properly communicate with his clients.  Daniel J. Furlong furnished a ruling on papers, but then obstructed the filed papers from the official court record.  This Motion to Disqualify Defendant Charles P. Ben was obstructed from the official court record until February 8, 2023, which is nearly five (5) years later (see Exhibit A NYSCEF Doc #415).  This document was material in Plaintiff Stacey Pynn's appeals in the New York State Supreme Court Appellate Division Fourth Department cases CA 21-00160 and CA 22-00200.

166.    Defendant Daniel J. Furlong ignored / obstructed all of the children's protected hearsay statements of abuse from trial and willfully, knowingly and deliberately ignored any and all other evidence of child abuse during trial in the State of New York Supreme Court County of Niagara *Pynn v Pynn* e150065.

167.    Plaintiff Stacey Pynn filed a Motion to admit the children's statements of abuse into evidence on February 18, 2020, however the Notice of Motion was obstructed from the official court record until February 8, 2023, which is three (3) years later, (NYSCEF Docs #147 and 421.)  This document was a material document for Plaintiff Stacey Pynn's

appeals in the New York State Supreme Court Appellate Division Fourth Department case
CA 22-00200 and CA 21-00160.

168.    At one time, on January 29, 2021, while Plaintiff Stacey Pynn was appearing in court
to protect her children from the abuse / maltreatment of Defendant Matthew Pynn,
Defendant Daniel J. Furlong, told her to "Shut your mouth!".  When Plaintiff replied, "that
is Unconstitutional... I have important things to state to the record", Defendant Daniel J.
Furlong, abused his powers of contempt and fined Plaintiff Stacey Pynn $1000.00.

169.    Plaintiff Stacey Pynn appealed this order in the New York State Supreme Court
Appellate Division Fourth Department case # CA 21-00356 and Defendant Daniel J.
Furlong's order was unanimously vacated, citing this was a violation of due process, see
*S.P. v M.P.* 2022 NY Slip Op. 6377 Decided November 10, 2022.

170.    Another instance of Defendant Daniel J. Furlong's reign of treasonous terror,
that also occurred on January 29, 2021, when he told the parties in court that he called the
children's counselors (*ex parte*) without permission and told them to ignore any medical
evidence of past or ongoing sexual abuse against the Defendant Matthew Pynn.

171.    Defendant Daniel J. Furlong further threatened witness Plaintiff Stacey Pynn that if
she disclosed any more concerns of abuse by the Defendant Matthew Pynn to counselors,
he (Defendant Daniel J. Furlong), would throw Plaintiff Stacey Pynn in jail.  Plaintiff
Stacey Pynn contends that this was evidence / witness tampering, obstructing justice / case-

fixing activity and aiding and abetting in felony child abuse, 18 U.S.C §§§ 2, 3, 241, 242, 1512, 2071 and in violation New York State Penal Laws §§§ 260.10 (child endangerment), 120.25 (reckless indifference to life) and 215.40 (tampering with evidence) intended to affect adjudication.

172.    On February 26, 2020, during trial Defendant Daniel J. Furlong, JSC excused away Defendant Matthew Pynn's repeated strangulation, choking, squishing, and pushing Plaintiff's child against a wall, "that's in 2015 this is 2020.  Anything else?".

173.    Daniel J. Furlong left the children victims in the custody of the perpetrator Defendant Matthew Pynn ordering Plaintiff to pay $2600/mo. in child support plus additional expenses despite this knowledge and evidence offered at trial.

174.    To date, all evidence documents admitted during this trial are still obstructed from the official court records and Plaintiff Stacey Pynn witnessed Defendant Matthew Pynn's counsel Michele Bergevin leave the courtroom with it in violation of New York Penal Laws §215.40 (evidence tampering).  When Plaintiff Stacey Pynn reported this to Defendants Daniel J. Furlong, and Kevin M. Carter the purported New York State Eighth District Administrative Judge, nothing was done, (See Exhibit A NYSCEF Doc #152 Clerk's minutes w Exhibit List.)

175.    On June 19, 2019, Daniel J. Furlong court ordered Plaintiff Stacey Pynn under threat of contempt to sign an Affidavit in Lieu of Testimony to her divorce that she did not agree with.  A judge lacks authority to force anyone to sign an affidavit she does not agree with.

Defendant Daniel J. Furlong also denied Plaintiff Stacey Pynn an evidentiary hearing on the Custody and Access Agreement that was incorporated with the Judgment of Divorce despite her application to the court to Vacate the Custody Agreement based on fraud that was filed on June 13, 2019.

176.    Defendant Daniel J. Furlong also denied Plaintiff Stacey Pynn an evidentiary hearing on the Custody and Access Agreement that was incorporated with the Judgment of Divorce despite her application to the court to Vacate the Custody Agreement based on fraud filed on June 13, 2019.

177.    Unfortunately, this Motion to Vacate the Custody Agreement based on fraud was obstructed from the official court record until February 8, 2023, which is nearly four (4) years after its filing. This was a material document obstructed from Plaintiff Stacey Pynn's court record (certified as a complete and accurate record by Defendant Niagara County Clerk's Office) for Appeals in the New York State Supreme Court Appellate Division Fourth Department case # CA 21-00160 and CA 22-00200, (NYSCEF Docs #117, 420 and 421.)

178.    On September 2, 2020, Daniel J. Furlong intentionally created false orders for child access with an incorrect index number (155065 instead of 150065) and did not enter said orders into *Pynn v Pynn* e150065/2013. Upon Plaintiff's request for Daniel J. Furlong to correct and file these orders, he refused thereby blocking Plaintiff Stacey Pynn's access to the Appellate Court to an appeal. Said false orders that were never filed or properly served conferred Defendant Daniel J. Furlong's judicial authority to subject children to agree and arrange access with their Plaintiff Stacey Pynn when they want to see her. The courts have

held absent a certain access order, this is a denial of access to the children and the means in

which Defendant Daniel J. Furlong sex trafficked the parties' children to the alleged violent

physical and sexual perpetrator Defendant Matthew Pynn and away from their safe parent

Plaintiff Stacey Pynn, (see *Merkle v. Henry*, 133 A.D. 3d 1266, 20 N.Y.S. 774, 15 N.Y.

Slip Op. 8317 (N.Y. App. Div. 2015)).

179.    On September 22, 2020, Plaintiff filed a Motion to Reconsider Custody and Access. A

hearing was held on this application; however, this document too was obstructed from the

official court record until July 12, 2022 (Exhibit A NYSCEF Doc #s 333-346), nearly two

years after it was filed despite Plaintiff Stacey Pynn's Motion to the Appellate Court for

Daniel J. Furlong to Produce this document on December 16, 2021. This document was

material for Plaintiff Stacey Pynn's Appeals taken in the New York State Appellate

Division Fourth Department case CA 21-00160 and CA 22-00200.

180.    As such, Plaintiff appeared in person to the Defendant Niagara County Clerk's

Office on or around December 15, 2021, and asked Defendant Lisa Kessler how she can

obtain this document for the appellate record. Defendant Lisa Kessler told her that she did

not have access to the document because Defendant Daniel J. Furlong still had possession

of the document and it was his (Defendant Daniel J. Furlong's) fault it was not returned to

the Defendant Niagara County Clerk's Office.

181.    As such, Plaintiff Stacey Pynn filed for the disqualification of Defendant Daniel J.

Furlong on or around November 8, 2011.

182.    Defendant Daniel J. Furlong, did so silently disqualify himself upon the basis and merits of Plaintiff's verified statements, thereby conceding to all the criminal activity and judicial fraud alleged.

183.    After being reminded he was in violation of New York State Judiciary Law §9, he did file a Reason for Recusal form that stated the reason that Plaintiff Stacey Pynn accused him of bias.

184.    As such any and all orders of Defendant Daniel J. Furlong were created out of judicial fraud on the court.

185.    Upon the recusal of Defendant Daniel J. Furlong, Hon. Frank Caruso was assigned as a judge. Hon. Frank Caruso filed his reason for recusal pursuant to New York State Judiciary Law §9 stating that "Mr. Pynn is a local attorney who has appeared in our court numerous times creating a level of familiarity." (See Exhibit A NYSCEF Doc #269).

186.    The recusal statement of Hon. Frank Caruso proves that every single judge in this matter was a conflict of interest, whether they self-disclosed and recused or were disqualified, due to Defendant Matthew Pynn's familiarity in the courts in Niagara County, not just with the judiciary, but also court officers and staff within the courts. Furthermore, the condition that all these judges knew Defendant Matthew Pynn personally and professionally was present at onset of the case on May 10, 2013. It should not have taken over a decade for these judges to admit their conflicts and recuse or disqualify themselves.

187.    This decade long disqualification of all these judges was a tremendously unreasonable delay and denial of due process in the divorce custody action of *Pynn v Pynn* in the state of New York Supreme Court, county of Niagara.

188.    After the recusal of Hon. Frank Caruso JSC, Defendant Frank Sedita, III was assigned as judge.

189.    Defendant Frank Sedita III created multiple orders despite his obvious bias and disregard for the law.  To date, he refuses to disqualify himself despite several motions filed by the Plaintiff Stacey Pynn, including one heard as recent as May 15, 2024.

190.    Plaintiff Stacey Pynn filed a Motion to Vacate all disqualified judges' orders on December 21, 2021 to the New York State Supreme Court, County of Niagara with Defendant Frank Sedita III presiding, (See Exhibit A NYSCEF Doc #s 258-266), and requested a change of venue to also be reviewed by Defendant Kevin M. Carter purported Eighth Judicial District Administrative Judge.  These requests went ignored by Kevin M. Carter.

191.    In response to this motion, Defendant Frank Sedita III, held a "conference" on the record, which was really not a conference.  It was a hearing as it resulted in orders absent due process.

192.    Defendant Frank Sedita III did not allow anyone to speak other than to announce our

appearances despite judicial ethics and the Fifth Amendment Due Process rights to be

heard in court.

193.    Defendant Frank Sedita III, then maliciously ordered without a full and fair hearing,

which is a requirement before disenfranchising the Constitutional right of access to the

courts, that Plaintiff Stacey Pynn is precluded from filing any applications in the court

without prior approval or an attorney.

194.    In this "conference", Defendant Frank Sedita III further violated Plaintiff's right to be

heard in court on the December 3, 2021, and denied a hearing on Plaintiff's Motion to

Vacate recused judges' orders.  When Plaintiff Stacey Pynn attempted to defend herself

during this conference on Teams, Defendant Frank Sedita III, hung up on her and ended the

"conference" in violation of due process.

195.    Plaintiff Stacey Pynn immediately appealed this order dated January 5, 2022, to the

New York State Appellate Division Fourth Department case CA 22-00200.  Plaintiff

Stacey Pynn was retaliated upon in the decision and order of the New York State Appellate

Division Fourth Department in their decision and order stating that she was being punished

for serving "strangers" in her appeal.  These "strangers" are Legislators and other

government oversight officials. The New York State Appellate Court Fourth Department

upheld the lower court's disenfranchisement of Plaintiff's Constitutional right of public

access to the courts absent due process.  This is an unconstitutional state ruling as a

constitutional right cannot be disenfranchised absent due process, and this ruling is a First

Amendment retaliation for seeking redress from Legislators and other government officials.

196.    On May 5, 2022, Defendant Frank Sedita III, signed a judgment in favor of Defendant

Charles P. Ben, attorney for Plaintiff's children, in the amount of $17,766.86, (See Exhibit

A NYSCEF Doc# 318) absent any due process from the Motion of Charles Ben filed April

13, 2022 and having no return date and never afforded a hearing. Defendant Charles P Ben

falsely stated in his proposed judgment the motion was heard before Defendant Daniel

Furlong, which was not possible since Defendant Daniel Furlong, was disqualified six

months prior to the Notice of Motion), (See Exhibit A NYSCEF Doc# 304). Despite being

an attorney and knowing better, Defendant Charles P. Ben continues to try to enforce this

fraudulently obtained judgement in violation of due process that he knows or should know

to be fraudulent.


197.    On July 6, 2022, Plaintiff Stacey Pynn requested permission to file an Emergency OSC

in court before Defendant Frank Sedita III, due to concerns of child neglect and since on

March 31, 2022, the parties' daughter revived her past sexual abuse disclosures in a

conversation with her mother overheard by a non-party witness.


198.    By letter from the court on July 7, 2022, Defendant Frank Sedita III refused to entertain

the OSC, willfully, deliberately and in reckless disregard, leaving the Plaintiff's children in

harm's way and in the custody of their perpetrator of severe, violent child abuse /

maltreatment. Defendant Frank Sedita III then deleted the witness affidavit describing the

Plaintiff's daughters disclosures of her sexual abuse as a younger child.

199.    On September 18, 2022, Plaintiff Stacey Pynn received a letter from Erie County

Child Protective Services dated September 6, 2022, that Defendant Matthew Pynn was

substantiated for child abuse / maltreatment.

200.    Again, on September 18, 2022, Plaintiff Stacey Pynn asked Defendant Frank Sedita III,

to allow her access to the courts and entertain her July 6, 2022, Emergency OSC.

Defendant Frank Sedita III, scheduled a conference, but then kept permitting opposition to

adjourn and delay adjudication on the multiple substantiated findings of child abuse /

maltreatment perpetrated by Defendant Matthew Pynn.

201.    Given the substantiated child abuse / maltreatment findings, and Defendant Frank

Sedita III's delays granting of several adjournments, Plaintiff Stacey Pynn went to the New

York State Family Court, County of Niagara to file a Petition for an Emergency New York

State Family Court Act Article 8 Temporary Order of Protection for her and her children on

September 23, 2022.

202.    All New York State Family Court Judges in the County of Niagara recused, (Hon.

Restaino JFC, Hon. Delabio JFC and Defendant Kathleen Wojtaszek-Gariano), citing

familiarity with Defendant Matthew Pynn.

203.    Defendant Keith Kibler, the New York State Family Court Superior Judge,

was assigned as a visiting judge from Wyoming County.  He declined to sign the emergent

temporary order of protection, even despite Plaintiff Stacey Pynn's Motion to Reconsider

that included evidence that the kids were sexually and physically abused as well as the

evidence that a neighboring county substantiated Defendant Matthew Pynn several times

for child abuse / maltreatment, thus denying Plaintiff Stacey Pynn equal protection under

the law.

204.    On October 4, 2022, a conference was held in front of Defendant Frank Sedita III.

Frank Sedita III yelled at Plaintiff Stacey Pynn much of the time for her social media

content, (in retaliation of her First Amendment right to post on social media), that is

opposed to adjudication from the bench in favor of sex offenders over the welfare of

children in our community.  It is difficult to understand why a judge would be upset over

people complaining about adjudication that is too soft on child perpetrators in our

community.

205.    Defendant Frank Sedita III, ultimately agreed that the issue of the indicated child abuse

findings against Defendant Matthew Pynn should be litigated in the New York State

Family Court County of Niagara where the Family Offense Petition was already pending.

206.    On October 21, 2022, Defendant Matthew Pynn's counsel Michele Bergevin filed a

Motion to Dismiss Plaintiff Stacey Pynn's application for a Temporary Order of Protection

to the New York State Family Court, County of Niagara (Defendant Keith Kibler).

207.    On November 10, 2022, Plaintiff Stacey Pynn filed a Motion for Keith Kibler to

disqualify himself for failure to afford due process upon his refusal to hold a hearing on

Plaintiff Stacey Pynn's application for attorney fees from the perpetrator Defendant

Matthew Pynn, and by failing to disqualify Defendant Charles P. Ben as Attorney for

Children, who previously filed a motion in another case of same parties that he cannot

provide effective assistance to his clients.  On November 22, 2022, Defendant Keith Kibler

refused to disqualify himself despite his obvious obligations to do so.

208.    On November 10, 2022, Plaintiff Stacey Pynn filed a Motion for Frank Sedita III to be

disqualified and for a change in venue.  Defendant Frank Sedita III refused to entertain this

Motion and instead took it upon himself to delete the Motion seeking his own

disqualification from the official court record and all Plaintiff's associated Notices of

Appeal (See Exhibit A NYSCEF Docs 377-379, 380-383).

209.    On November 15, 2022, Plaintiff Stacey Pynn filed to the New York State Supreme

Court, County of Niagara (Defendant Frank Sedita III) a Motion to Vacate Frank Sedita

IIIs order precluding Plaintiff Stacey Pynn from filing applications to the court.  Plaintiff

Stacey Pynn contended among other things, a change of circumstances since her order of

contempt was vacated by an appeal, *see S.P. v M.P.* 2022 NY Slip Op. 6377 Decided

November 10, 2022, and since Defendant Matthew Pynn was now substantiated several

times for child abuse / maltreatment, thus reasonably exonerating Plaintiff from a

maliciously, defamatory wrongly applied label of "contemptuous, meritless / frivolous"

litigant.

210.    Instead of holding a hearing on the motion, Defendant Frank Sedita III deleted the

application from the official court record and refused to right his wrongs, (See Exhibit A

NYSCEF Docs 384-385) and knowingly and willfully continued to obstruct Plaintiff

Stacey Pynn's access to court under his manufactured false pretenses as a means of

obstructing justice, "case-fixing."

211.    In another attempt to obtain a fair forum, Plaintiff Stacey Pynn filed once again for an

Emergency Temporary Order of Protection for her and her children against Defendant

Matthew Pynn in a neighboring venue, with the State of New York Family Court, County

of Erie (judge Mary Carney).  On or around March 7, 2023, the application was before

judge Mary Carney who immediately dismissed the petition and remanded the case back to

the conflict-of-interest county of Niagara.   Plaintiff Stacey Pynn's Motions to Reconsider

and prevent the transfer back to Niagara County courts are obstructed from both the Erie

County and Niagara County court records to the present time.

212.   Despite Plaintiff Stacey Pynn's refusal to consent to appearing in The State of New York

Family Court, County of Niagara Defendant Keith Kibler proceeded with court anyway

over Plaintiff Stacey Pynn's objections and request for assigned counsel.  Without a

hearing, Defendant Keith Kibler, denied Plaintiff Stacey Pynn's requests to have an

attorney present, and created shocking defamatory orders that Plaintiff Stacey Pynn is not

allowed to file in any New York State Family Court within the entire 8th Judicial District

despite his obvious lack of jurisdiction to create such an order.

213.   Defendant Keith Kibler disparaged Plaintiff Stacey Pynn by disseminating this order to

every single-family law clerk within the New York State 8th Judicial District.

**E.** **Denial of Due Process by Massive Corruption of Official Court Records**
   **Obstruction of Justice, Tampering with Official Government Records and**
   **Tampering with Evidence**

214.   One of the means the Defendants used to sexually traffic Plaintiff's children to the

perpetrator Defendant Matthew Pynn was to massively corrupt the government official

court records in the case of *Pynn v Pynn* e150065/2013 by obstructing material documents

that were contrary to the intended goal of the conspiracy thereby obstructing justice or

"case-fixing" as described throughout this complaint, *see Potts v Brown US District Court*

*for the Northern District of Illinois, Eastern Division* Aug 26, 2002 U.S. Dist. LEXIS

15911: "Due process requires that the handling of important court records be free from

arbitrary interference and unreasonable delay." Delays of justice, in this case over a decade

whereas Plaintiff was made to disqualify each judge over their obligation at onset to

disclose conflicts and recuse, is a denial of justice.

215.   On or around November 19, 2022, Plaintiff Stacey Pynn emailed the New York

State Supreme Court Eighth Judicial District Administrative Judge Defendant Kevin M.

Carter, "URGENT!! Criminal Tampering Official Court Record e150065/2013 Niagara Co

Supreme Pynn v Pynn".

216.   Without explanation from Defendant Kevin M. Carter, Documents filed as

old as ten (10) years ago were suddenly added to the official court record for the first time

as of December 6, 2022, through and including February 8, 2023, (See Exhibit A NYSCEF

Docs 394-397, 400-403, 405-421).

217.    On December 6, 2022, at 4:34pm, Plaintiff Stacey Pynn sent an email to Defendant/s

Lisa Kellser, Kevin M. Carter, and Defendant Lawrence Marks's law clerk Janet Fink that

some documents were added to the official court record, but there were still more

obstructed documents from the official court record of *Pynn v Pynn* Niagara County

Supreme Court e150065/2013.

218.    On December 8, 2022, at 7:19 am, Plaintiff Stacey Pynn notified Defendant Kevin M.

Carter among others that Defendant Frank Sedita III omitted a material witness affidavit,

(See Exhibit A NYSCEF Doc #329) that detailed an event on March 31, 2022, when

Plaintiff's daughter recalled being sexually abused by her father as a child in a conversation

overheard by the witness.

219.   On December 13, 2022, at 10:01pm Plaintiff Stacey Pynn notified various New York

State court officials including Defendant Kevin M. Carter that documents admitted into

evidence were still missing from the official court record to include the Pediatrician

medical records admitted on September 20, 2013, (at a time the Pediatrician testified in

court that he believed the children were sexually abused and mistreated by Defendant

Matthew Pynn); and all documents admitted into evidence during trial in the year 2020-

2021, (see Exhibit A NYSCEF Doc. #152 the list of exhibits which are missing), and that

copies of Judicial subpoenas were also missing.

220.    On January 2, 2023, Plaintiff Stacey Pynn emailed Defendant Kevin M. Carter,

dcaj-alb@nycourts.gov, dcaj-oji@nycourts.gov and others requesting a status update on the

evidence documents that are still missing and the status on her request for a change in

venue since Defendant Frank Sedita III, was clearly ignoring evidence of severe child

abuse / maltreatment and has been discourteous and intemperate with Plaintiff Stacey Pynn,

a Domestic Violence victim.

221.    Plaintiff Stacey Pynn was told that investigations referred to the email of

dcaj-alb@nycourts.gov goes to the New York State Supreme Court Deputy Administrative

Judge Defendant Norman St. George.

222.    Despite these complaints and despite Plaintiff Stacey Pynn's notice of claim to the

state, the court Defendants in this case refused to right their wrongdoings by affording

Plaintiff a change in venue or vacate orders due to judicial fraud on the court from

disqualified judges, or vacate orders created from judicial bias, or holding the Defendants

accountable for obstruction of justice, case-fixing, tampering with official government

records, or tampering with evidence.

223.    This massive corruption of Plaintiff's official court record in the State of New York

Supreme Court, County of Niagara case e150065/2013 described herein is not likely to be

accidental mistake or honest error.  Upon information and belief, the defendants conspired

through their corrupt conduct to deprive Plaintiff Stacey Pynn, to conceal the conduct of

Defendant Matthew Pynn, and conceal the reprehensible hiring practices of our courts and

Defendant Niagara County, and Niagara County CPS.  The New York State Unified Court

System, and the New York State Office of Court Administration acting in their official

capacity as Administrators, are implicated nearly equally in the apparent criminal

conspiracy to commit and cover up child sexual abuse, child sex trafficking, and criminal

obstruction of justice in Plaintiff Stacey Pynn's official court record 18 U.S.C §§1512,

2071 and New York State Penal Laws §§§ 175.25 25 (tampering with government records),

195.00 (official misconduct), 215.40 (tampering with evidence), 260.10 (child

endangerment) and 120.25 (reckless disregard for human life) and are therefore liable for

conspiring to deprive Plaintiff of her God given civil rights and meaningful time with her

children upon their failures to ensure a fair forum and a complete and accurate court record.

### F. Defendant Kevin M. Carter, Andrew Isenberg, and Dean Puleo Criminally Obstructed Justice and Hindered the Prosecution of Defendant Matthew Pynn for the crimes of Repeated Child Strangulation and Child Endangerment

224.    Due to local law enforcement and the District Attorney's refusal to commence a

criminal action against Defendant Matthew Pynn, Plaintiff commenced her own civilian

criminal complaints and Matthew Pynn on or around January 19, 2023, (see *People v*

*Clymer* 2010 N.Y. Slip Op20239 [28 Misc 3d 856] that permits citizens to commence

misdemeanor criminal complaints) and filed the complaints with the Lockport City Court.

225.    The criminal complaint was forwarded to Defendant Kevin M. Carter in his

administrative capacity for the Eighth Judicial District. Despite his awareness of Plaintiff's

right to commence this complaint, Defendant Kevin M. Carter and his associates Andrew

Isenberg and Dean Puleo directly, willfully and knowingly shielded the complaint from

proceeding thereby conspiring with others to commit and coverup strangulation and other

forms of child endangerment perpetrated by Defendant Matthew Pynn.


**G. To the Extent that Defendants Niagara County, Niagara CPS, Bianca Gatto, Nicholas D'Angelo, Claude Joerg, David Haylett, Rhonda Platt and "Jane Doe" are Complicit in Criminally Conspiring to Commit and Cover up the Sexual and Physical Abuse and Maltreat Plaintiff Stacey Pynn's Children and Deny Plaintiff Stacey Pynn and her Children a Fair Forum for Child Welfare Investigations**

226.    Previously, on July 5, 2017, Plaintiff commenced an action in this Honorable Court

case 16 CV-548-LJV against Niagara County CPS which was dismissed without prejudice.

Since the time of that action, the Defendants have never taken any meaningful action to

correct their wrongdoing and continue to corruptly conspire to commit and cover up the

severe child abuse and maltreatment of Defendant Matthew Pynn, a former employee of

Niagara CPS and current Niagara County Public Defender.


227.    Some incidents of child abuse and maltreatment discovered in that litigation, which

are necessary to review to show the pattern of continued and ongoing conduct, were that

on May 8, 2015, the Plaintiff's children disclosed that Matthew Pynn choked Plaintiff's

daughter in the backpack room because she lied and because she crumbled her homework.


228.    Plaintiff's daughter was repeatedly running away from Defendant Matthew Pynn

contemporaneous to her disclosures of repeated strangulation thus is a behavior resulting

from fear that corroborates her disclosures of strangulation.  Police were required to find

her and return her.  Unfortunately Police and Niagara County CPS always returned her to

the custody of her abuser.  Niagara County Child Protection deemed the disclosures of

strangulation, stopping breathing and choking, and repeatedly running away "appropriate caregiver... no safety concerns". This was even though child strangulation is a criminal felony in violation of New York State Penal Law §120.11 (obstruction of breathing).

229.     Plaintiff's daughter created a written testimonial statement of her father's sexual abuse of her in November 2014 while at her father's house. This statement was provided to Defendant Bianca Gatto, a Niagara County Child Protection caseworker, who failed to report the additional allegation of sexual abuse to the current report and failed to investigate the sexual abuse allegations whatsoever despite her mandated reporter law obligations, see New York State Penal Law §265.25 on mandated reporting. When Plaintiff Stacey Pynn called Bianca Gatto on February 5, 2015, Bianca Gatto refused to refer the children, as required by law, to a Child Advocacy Center for multiphasic forensic interview. Safety reports filed to the state by Bianca Gatto at this time falsely stated "No safety concerns", which are criminal false instruments sent to the state in addition to her criminal failure to report as a mandated reporter the written sexual abuse testimony of Plaintiff's daughter. This was done in a manner to conspire to commit and cover up child sexual abuse and strangulation by caseworker Defendant Bianca Gatto, her supervisor Carol Henderson and other officials with Niagara CPS.

230.     Niagara County CPS had a non-discretionary policy to investigate all claims of sexual abuse and refer them to the Child Advocacy Center for a timely multidisciplinary forensic interview ("MDI") contemporaneous to their disclosures of abuse as per their policies and

procedures, see Social Services Law §424 and Chapter 6 page L2 top paragraph of the
2023 Child Protective Services Manual.

231.     Any forensic evaluation of the children was either never performed to date or
performed seven (7) years late, on May 9, 2020, the children's disclosures of sexual abuse
and strangulation.

232.     On May 9, 2020, the perpetrator Matthew Pynn was permitted to escort the subject
child to the interview which is contrary to normal practices where alleged perpetrators are
not permitted to escort victims to forensic interviews.   This was five years after the
children were forced to live in the custody of their perpetrator.

233.  In January

234.     During trial on February 26, 2020, the disgraced Defendant Nicholas D'Angelo, now
deemed a level three violent sex offender, represented caseworker Bianca Gatto, in his role
as a Niagara County DSS Attorney, due to Plaintiff Stacey Pynn's subpoena of her at trial.
Defendant Nicholas D'Angelo, (now a felony violent level III convicted child sexual
perpetrator himself) knew or had to have known Plaintiff's children were sexually abused
and strangulated by Defendant Matthew Pynn upon reading the Motion to Niagara County
to subpoena the caseworker, yet Nicholas D'Angelo in his capacity as a Niagara County
Child Protection Services attorney did not take any actions to ensure a full and proper
investigation of their disclosures thereby conspiring among the other Defendants to commit

and cover up child sexual assault of Plaintiff's minor children, rather he aided and abetted

their perpetrator father Defendant Matthew Pynn to abuse and maltreat them ever after..

235.    For a time after the lawsuit, reports of suspected child abuse / maltreatment were

investigated by Erie County Child Protection Services due to the conflict of interest of

persons. The transfer to another venue is the only time Defendant Matthew Pynn was ever

indicated by Child Protection for child abuse / maltreatment. Not only was he indicated for

child abuse / maltreatment, but they substantiated four (4) findings against him. At no time

has Niagara County ever indicated / substantiated child abuse or neglect against him.

236. Since at least December 31, 2015 and to the present time, Matthew Pynn has been

represented for his Chapter 7 Bankruptcy by Patrick Balkin who is an Assistant Attorney

for Defendant Niagara County Child Protective Services.

237.    On September 6, 2022, by letter Plaintiff Stacey Pynn was notified that upon the

change of venue for investigations of child abuse / maltreatment reports to Erie County that

Defendant Matthew Pynn was substantiated multiple times for two findings of inadequate

guardianship, lack of medical care and educational neglect.

238.    The New York State Child Protection Services Manual policy is that upon a finding

of child abuse / maltreatment, the case is referred back to the district in which the subject

resides. If the neighboring LDSS (in this case Erie County), finds that it is necessary to

initiate a court proceeding, the actions based on those findings must be undertaken by the

"home" LDSS in its own jurisdiction [FCA §1015] and in this case the home LDSS is Defendant Niagara County where Defendant Matthew Pynn is a former Child Protection Attorney and current Public Defender.

239.    This policy, page E-2 Chapter 4 Section E affords the conflict-of-interest persons in the "home" district the ultimate decision-making authority to decide if they want to commence an action such as an article 10 Petition to remove the children from their perpetrator.

240.    Niagara County CPS took no action against Niagara County employee Defendant Matthew Pynn to correct the wrongdoing. After the multiple indications of child abuse / maltreatment substantiated by Erie County, despite the admitted conflict of interest, Niagara County CPS once again began maintaining investigations of reports of abuse naming Defendant Matthew Pynn where he had incriminating evidence ignored, removed, altered and destroyed.

241.    On or around late December 2022, a report was made to the statewide Child Abuse Statewide Register reporting a concern of child abuse directly involving Defendant Matthew Pynn.  Defendant Niagara County CPS continued maintaining the investigations thereby aiding and abetting Defendant Matthew Pynn in the cover ups of his sexual abuse and other allegations.

242.    Plaintiff refused to consent to Defendant Niagara County CPS maintaining

investigations, and duly informed caseworker Defendant Rhonda Platt on January 12, 2023

that this was against the ethical requirements of public officials per 18 U.S.C 602(6) and

New York State Municipal Laws under Article 18 and a violation of due process depriving

Platintiff Stacey Pynn and her children a fair and impartial investigation.


243.    Plaintiff contacted Defendants David Haylett and Claude Joerg regarding the conflict

of interest of Defendant Niagara County CPS conducting investigations and maintaining

altered records evidence regarding Defendant Matthew Pynn.  Defendant Claude Joerg

stated he has "no problem with" maintaining and continuing conflict of interest

investigations.  Defendant Joerg refused to transfer the investigations to another county.


244.    On January 7th and January 13, 2023, Plaintiff sent detailed emails to Defendants

Claude Joerg, David Haylett, Rhonda Platt, and others detailing severe child abuse

evidence and a cease and desist to Defendant Niagara County CPS from maintaining

investigations on Defendant Matthew Pynn. Nonetheless, Defendant Niagara County CPS

maintained the investigations and inexplicably unfounded them.


245.    The decision to maintain these investigations despite the conflict of interest of persons

and the financial motive to conceal the child abuse / maltreatment of former Niagara

County CPS employee Defendant Matthew Pynn and to conceal their reprehensible hiring

practices was made by Defendants Niagara County attorney Claude Joerg, Niagara County

CPS attorney David Haylett Jr and Commissioner Meghan Lutz. They are aware of the

sexual abuse and strangulation facts and evidence combined with multiple other forms of

child abuse / maltreatment committed by Defendant Matthew Pynn, yet they refuse and

continue to refuse to correct their wrongdoings.


### H. All Defendants Conspire to Deliberately and Knowingly and Illegally Harshly Restrict Plaintiff's Right of Intimate Association with Her Children

246.    The 14th Amendment of the Constitution affords parents the unfettered right to raise

our children, see *Meyer v Nebraska*, 262 US 390, 262 US 399 (1923) which held the

rights to conceive and raise one's child is "essential", *Prince v Massachusetts*, 321

US 158, 321 US 166 (1944): "It is cardinal with us that the custody and care and

nurture of the child resides first with parents, whose primary function and freedom

include preparation for obligations that state can neither supply or hinder.",

*Godlberg v Kelly*, 397 US 254, 397 US 263 (1970) which held that the right to parent

in the companionship and care, custody and management of his or her children

warrants deference and, absent a powerful countervailing interest, protection, *Troxel v

Granville*, 530 US 57 (2000): "the liberty interest at issue in this case – the interest of

parents in the care, custody and control of their children – is perhaps the oldest

fundamental liberty interests recognized by this Court."


247.    The New York State Constitution Article I §11 provides that "[n]o person shall be

denied the equal protection of the laws of this state or any subdivision thereof…" The

Court of Appeals elaborated upon Article I §11 in *Bower Assocs. V. Town of Pleasant

Valley*, 2 N.Y.3d 617, 630 (2004) holding that: "[t]he essence of a violation of the

constitutional guarantee of equal protection is, of course, that all persons similarly situated must be treated alike."

248.  The New York State Courts have held for a noncustodial parent to develop a meaningful, nurturing relationship with his or her child, 'visitation must be frequent and regular' (*Daghir v Daghir*, 82 AD2d at 194, affd 56 NY2d 938; see *Matter of Graves v Smith*, 264 AD2d 844; *Matter of Gerald D. v Lucille S.*, 188 AD2d at 650). 'Absent EXTRAORDINARY circumstances, where visitation would be detrimental to the child&#39;s well-being, a noncustodial parent has a right to reasonable visitation privileges' (*Twersky v Twersky*, 103 AD2d at 775-776; see Matter of Brian M. v Nancy M., 227 AD2d 404; *Matter of Schack v Schack*, 98 AD2d 802)."

249.  Despite the absence of any showing of imminent danger by a preponderance of the evidence, see *Stanley v Illinois*, 405 U.S. at 405 U.S. 651, the legal requirement to infringe on parental rights, the Defendants illegally, knowingly and deliberately conspired to alienate the affection of Plaintiff's children from her as a means of cruel and inhumane treatment causing her excruciating emotional distress, and continue to this day.

250.  Plaintiff was socially and professionally humiliated by the loss of custody of her children and people gossiping "she must have done something wrong", and the Defendant Matthew Pynn going to the children's doctor's appointments and making false defamatory statements to Plaintiff's professional colleagues that Plaintiff has mental illness. Plaintiff, who was extroverted prior to this crisis, was severed from social interactions as she had to fight for her children for over a decade.

251.    Plaintiff had to learn the law and became a certified paralegal which took thousands of hours from her social life.  Plaintiff had to work inhumane hours like a slave to cover attorney costs for herself and money ordered to the perpetrator of her children's abuse/maltreatment, Defendant Matthew Pynn.

252.    Plaintiff has endured excessive attorney fees, court costs, and money ordered to the perpetrator Defendant Matthew Pynn totaling approximately $1 million dollars.  She has lost time with her children that cannot be made up.

I.  **All Defendants Refuse to Right Their Wrongdoings as a Result, the Children are Failing to Thrive Emotionally, Physically and Educationally in the Custody of the Perpetrator of Child Abuse / Maltreatment Defendant Matthew Pynn**

253.    Despite the plethora of evidence that the children were sexually abused, strangulated, and harshly neglected, in lieu of protecting the children and Plaintiff, the Defendant/s for over a decade corruptly conspired to commit and cover up the child sexual abuse, strangulation and multiple forms of woeful neglect of the Defendant Matthew Pynn by knowingly hiring another child sexual perpetrator Defendant Nicholas D'Angelo as a Niagara County CPS attorney with intent knowing he would be willing to conspire in the cover up of Matthew Pynn, denial of a fair forum for court and Child Protection investigations, obstructed documents from official government records to affect adjudication, financially battered Plaintiff by theft of her assets and money, denied Plaintiff her right of access to the courts, tampered with witnesses including threatening, intimidating, harassing, and directing counselors to ignore past and ongoing medical evidence of sexual

abuse by the Defendant Matthew Pynn, willfully ignored evidence and the children's protected hearsay abuse allegations, harshly restricted Plaintiff's from any meaningful access to her children and from participating in medical care (despite Stacey Pynn being a current licensed physician assistant and the Defendant being substantiated for medical neglect by another outside CPS agency), failed and continue to fail to properly investigate and arrest Defendant Matthew Pynn and failed to protect Plaintiff and her children from further harm. In fact, the children are currently captive in the custody of their perpetrator to this day despite the children failing to thrive emotionally, educationally and physically.

254.    Just for example, the current state of the children in the perpetrator Defendant Matthew Pynn's custody, out of the past one hundred forty days of school this 2024-year, one child of the Plaintiff has been absent / tardy seventy-two days and another child absent / sixty eight days, which is affecting their grades. The parties' son developed sexualized behaviors as the result of his victimization since the age of six and this was never therapeutically mitigated by Defendant Matthew Pynn, (the impetus of the medical neglect and inadequate guardian substantiated findings against Defendant Matthew Pynn by an outside CPS agency), and now the Plaintiff's son was arrested for sending sexually explicit images to another child. Another child is a school dropout and is socially isolated essentially almost never leaving her father's residence except for transient errands like grocery shopping and her GED classes.

255.    Despite another county's child protection (Erie County on September 18, 2022) substantiating multiple findings of child abuse / maltreatment against Defendant Matthew Pynn, the Defendants Unified Court System and Niagara County Child Protective Services et al., refuse to right their wrong.

256.     To this day despite their knowledge that Defendant Matthew Pynn sexually abused

and repeatedly strangulated the children and continued to sleep with Plaintiff's daughter

"almost always" well into her teen years, and despite their knowledge the children are

failing to thrive in Defendant Matthew Pynn's custody, Niagara County CPS and Niagara

County CPS Defendant employees herein named, continue to refuse to right their

wrongdoing and the Plaintiff's children are still in their perpetrator's custody when

Plaintiff has no history of abusing or neglecting children and is a licensed physician

assistant in the state of New York with no history of mental illness and is fully capable of

providing good care to her children.


257.     Despite the Eighth Amendment in the United States Constitution states that cruel and

unusual punishments shall not be inflicted, it is reprehensible and dehumanizing, the

treatment Plaintiff Stacey Pynn has endured by both the courts and child welfare in the state

of New York, county of Niagara consistent with the hiring practices and court treatment

complained of by the public and the New York Senate.


258.     The safe parent attempting to spare her children from the substantiated child abuse /

maltreatment of the perpetrator Defendant Matthew Pynn is enduring harsh deprivations of

her civil liberties and financially battered; however, the violent child abuser Defendant

Matthew Pynn, whose children disclosed sexual abuse and strangulation by him and who is

substantiated by Erie County CPS for several indications of child abuse / maltreatment walks

free with impunity and custody of the parties' children and is permitted to continue to practice as an attorney for Defendant Niagara County as a Public Defender.

259.    Despite Plaintiff's Constitutional Right to have meaningful access and parent her children, she has been harshly restricted by the state courts absent any showing of imminent danger by a preponderance of evidence.

260.    As a result of this reprehensible hiring and dehumanizing treatment, the damages onto Plaintiff Stacey Pynn are severe, (see Stacey Pynn's oral argument to the New York State Supreme Court Appellate Division Forth Judicial Department on September 11, 2023, starting at 1:42.11

https://www.youtube.com/live/VPMJBPY_t5E?si=aNHgVViPMb_AuhYF.)


**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS, CORRUPT "CASE-FIXING" CONSPIRACY IN VIOLATION OF 42 U.S.C 1983 TO DEPRIVE PLAINTIFF OF FIFTH and FOURTEENTH AMENDMENT RIGHTS OF DUE PROCESS, AND EQUAL PROTECTIONS UNDER THE LAW**

261.    Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein;

262.    Defendant Matthew Pynn and Defendants Niagara County and Niagara County CPS repeatedly and persistently conspired to obstruct justice, "case-fixing", with the other Defendants named in this cause of action to influence and impede adjudication, Namely The NYS UCS, The NYS OCA, various New York State Supreme and Family Court Judges, (Kevin Carter, Keith Kibler, Lawrence Marks, Norman St. George, Daniel

Furlong, Frank Sedia III and other public officers and staffers in the courts located within and around New York State) conspired to deprive Plaintiff Stacey Pynn of a right to a Fifth Amendment Due Process Right of a fair trial and Fourteenth Amendment Rigtht of equal protections under the law.  At all times some Defendants impersonated positions as public officers, (thus their positions are vacant and absent the protections of their office pursuant to New York State Public Officer's Law §30), others presided on cases despite financial and political conflicts of interest in violation of their public oath of office to afford due process, (see New York State Public Officer's Law §70, thus acting outside of their jurisdiction and such actions are absent the statutory protections of their office), and repeatedly and persistently violated state and criminal laws and massively obstructed documents from official court / government records in violation 18 U.S.C. §§ 1512, 2071, 3002 and New York State Penal Law §§§175.25, 195.00 and 215.40 to influence / impeded adjudication, (see *United States v. Caldwell*_581 F. Supp.3d1); repeatedly and persistently promulgated deliberate malicious manufactured known to be manufactured false narratives and created false probable cause for the intended purpose to deprive Plaintiff Stacey Pynn from custody and meaningful access with her children, theft of millions of dollars of money and assets from Plaintiff Stacey Pynn and silence her to "Shut your mouth!" about the sexual trafficking and physical abuse and neglect of her children perpetrated by crony Defendant Matthew.  This was with the additional intended, deliberate and willful purpose of sparing the Defendants Niagara County, Niagara County CPS, Niagara County DSS, and the Niagara County Public Defender's Office from accountability and shame for their reprehensible hiring practices for sensitive positions involving vulnerable children, to conceal the inhumane treatment in the state

75

courts, and to fraudulently monetize tremendous sums (multi-millions) of money in False Claims from Title IV Federal Funding to New York State in violation of CAPTA contract requirements for hiring practices. In furtherance of that conspiracy, Defendants and their co-conspirators.

a.   Acted absent jurisdiction and or impersonated public officers under color of law in New York State.

b.   Refused to order Plaintiff Stacey Pynn's requests for a change in venue for a fair and impartial forum in a manner to control a false narrative and influence adjudication in violation of Due Process and Equal Protection rights;

c.   Maintained cases, and failed obligations to recuse / disqualify despite a clear fiduciary conflict of interest and also having familiarity with Defendant Matthew Pynn, (who is an attorney who practices frequently in the courts around Erie and Niagara County and worked formerly for Defendant Niagara County CPS and is currently and attorney for Defendant Niagara County as a Public Defender) in a manner to control a false narrative and influence adjudication in violation of Due Process and Equal Protection rights under color of law;

d.   Pervasively obstructed / tampered with numerous material documents (approximately fifty (50) or more) from the official government court records of *Pynn v Pynn* in the State of New York Supreme Court, County of Niagara case e150065/2013 and in the case in the State of New York Family Court file 80114 in a manner to impede / influence adjudication in violation of 18 U.S.C. §§1512, 2071, 3002 and Plaintiff's 5th Amendment Right of Due Process to have a complete and accurate record, (see *United States v. Caldwell*_581 F. Supp.3d1);

e.  Financially battered and financially exploited Plaintiff for millions of dollars intended to impede / impair her ability to defend herself and denied her applications for attorney fees which created an unequal footing in state litigation matters against her ex-spouse Defendant Matthew Pynn who is an attorney himself and well known in the courts and has had nearly free attorney services throughout.  This is in violation of 5th Amendment rights of due process by creating a disadvantaged party / unequal footing among the litigants;

f.  Hindered Plaintiff's time barred active Criminal Complaints against Defendant Matthew Pynn, (a perpetrator of multiple substantiated child abuse / maltreatment findings), in violation of 18 U.S.C. §§ 1512, 2071, 3002, New York State Penal Law §205.65 but conspired to falsely arrest, assault, batter and illegally detain Plaintiff Stacey Pynn in violation of Plaintiff Stacey Pynn's substantial civil liberties and in violation of New York State Penal Law §§§ 120.11, 135.10 and 190.26 and in a manner to influence / impede adjudication ;

g.  Obstructed justice, "case-fixed", "precluded" by judicial order absent jurisdiction, Plaintiff's Right of Access to the Courts and equal protections under color of law throughout the entire 8th Judicial District in the State of New York in a manner to influence / impede adjudication and in Violation of Plaintiff Stacey Pynn's 1st Amendment Rights and 18 U.S.C. § 3002;

h.  Denied full and fair evidentiary hearings on Plaintiff's applications in violation of Plaintiff's First, Fifth and Fourteenth Amendment Rights in a manner to influence / impede adjudication;

i.  Were discourteous to Plaintiff Stacey Pynn in state courtroom proceedings and told Plaintiff Stacey Pynn to "Shut Your Mouth!" and threw her out of the court room during court proceedings while attempting to defend herself on the record from the false narratives the courts were attempting to create, while she was appearing to protect her children from perpetrator Defendant Matthew Pynn's multiple substantiated findings of child abuse / maltreatment (and are still being ignored to this day), which was found by the New York State Appellate Division Fourth Department to be in violation of Due Process, *see S.P. v M.P.* 2022 NY Slip Op. 6377 Decided November 10, 2022;

j.  Abused Judicial powers of contempt and abused Peace Officers powers of arrest in violation of their required Constitutional oaths in a manner to retaliate against Plaintiff Stacey Pynn and influence / impede adjudication;

k.  Tampered with witnesses including substantial procedural irregularities, (such as Defendant Daniel Furlong, making ex-parte calls to children's counselors directing them to ignore medical evidence of sexual abuse, and threatening Plaintiff Stacey Pynn with jail if she reported concerns of child abuse or brought medical evidence of abuse to her children's counselors), in a manner in violation of 18 U.S.C§§1512 and New York State Penal Laws§§§ 195.00, 175.25, and 215.10(a), intended to influence adjudication "case-fixing" activities;

l.  Obstructed and interfered with government investigations of felony child physical and sexual abuse in violation of 18 U.S.C.§1512 in a manner to influence / impede adjudication;

m.  Improperly closed or failed duty to investigate reports of child abuse;

n.  Held hearings off the record from which no transcripts exist and made ex parte phone calls to witnesses despite Plaintiff Stacey Pynn expressly objecting to do so in violation of due process rights afforded by the 5th Amendment in a manner to influence / impede adjudication;

o.  Ignored, suppressed and obstructed evidence of child abuse committed by Defendant Matthew Pynn from the court records in violation of Fifth and Fourteenth Amendment right of equal protection under color of law and right to an unbiased courtroom in a manner to influence / impede adjudication;

p.  Refused to fairly investigate matters and refused to prosecute in violation of 14th Amendment rights of equal protection under color of law in a manner to influence / impede adjudication;

**Causation**: As a result of Defendant's actions, Plaintiff would have had custody of her children for the past 11 years and her children would be spared from severe abuse.

**Damages:**  Plaintiff Stacey Pynn has endured excessive attorney fees totaling approximately $1 million in fees, court costs and money ordered to the perpetrator Defendant Matthew Pynn and other co-conspirators, deprivation of substantial civil rights, loss of time to intimately associate with her children due to harshly restricted access for a decade, damage to her professional reputation, emotional pain and suffering for over ten (10) years and seeks damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:  CONSPIRACY IN VIOLATION OF 42 U.S.C §1983 TO DEFAME PLAINTIFF

Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein;

263.    All Defendants except for Defendant Matthew Pynn at all times relevant to this

action either acted without jurisdiction or impersonated public officers;

Defendant Matthew Pynn conspired with Defendants to defame Plaintiff Stacey Pynn by:

   a.   Defendants shared among themselves and promulgated that Plaintiff is a

        "contemptuous", "meritless" "frivolous" litigator while they knew she was not as

        evidenced by her unanimous vacatur of the finding of contempt by the Appellate

        Division Fourth Department, and while they knew of the four substantiated

        findings of child abuse / maltreatment levied against child perpetrator Defendant

        Matthew Pynn;

   b.   Abusing powers of contempt and falsely labeling her as contumacious in the

        courts, (which was later vacated upon Appeal in the New York State Appellate

        Division Fourth Department by unanimous order, *see S.P. v M.P.* 2022 NY Slip

        Op. 6377 Decided November 10, 2022);

   c.   Abused authority and created orders absent jurisdiction and disseminated them to

        disparage Plaintiff and obstruct her right to access and equal protection among all

        Family Courts located within the 8th Judicial District in New York State;

   d.   Defendants shared among themselves and promulgated that Plaintiff is a "false

        alleger" when in fact, Defendants knew or had to have known Plaintiff is not

        falsely alleging either by his own conduct or the fact that Defendant Matthew

        Pynn has four substantiated findings of child abuse / maltreatment;

**Causation**: As a result of Defendant's actions, Plaintiff Stacey Pynn has endured people at work

and her employment talking about her "she must have done something wrong"

**Damages:** Plaintiff Stacey Pynn has endured excessive attorney fees totaling approximately $1 million in fees and court costs, loss of ability to attain a fair trial in any family court within the entire 8th Judicial District of New York, deprivation of substantial civil rights, loss of income, loss of time to intimately associate with her children, damage to her professional reputation, emotional pain and suffering for over ten (10) years and seeks damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS, CONSPIRACY IN VIOLATION OF 42 U.S.C §1983 TO DEPRIVE PLAINTIFF OF HER 1st AMENDMENT PUBLIC RIGHT OF ACCESS TO THE COURTS

Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein;

All Defendants except for Defendant Matthew Pynn at all times relevant to this action either acted outside of their jurisdiction or impersonated as public officers absent their oath;

264. Defendant Matthew Pynn and Defendant Niagara County corruptly conspired with the NYS OCA, NYS OCS, Norman St. George in his Personal and purported Administrative capacity as Deputy Chief Administrative Judge, Kevin Carter in his personal and Administrative capacity as Administrative Judge to the 8th Judicial District in New York State, Keith Kibler in his Personal and Administrative Capacity as Superior Judge of the 8th Judicial District Family Court, Daniel Furlong, Frank Sedita III and Charles P. Ben to deprive / harshly restrict Plaintiff Stacey Pynn of her First Amendment Right of Public Access to the Courts by:

a.  Defendants shared among themselves and promulgated the manufactured false pretenses intended to obstruct her right of access to the courts in a manner to influence / impede adjudication;

b.  Abused authority and created orders absent jurisdiction and disseminated them to disparage Plaintiff and obstruct her right to access all Family Courts located within the 8th Judicial District in New York State in a manner to influence / impede adjudication;

c.  Defendants shared among themselves and promulgated false "orders" with an incorrect case index so that they are not filed and cannot be appealed in a manner to influence / impede adjudication;

d.  Defendants massively corrupted the official court record that is neither incidental nor minor for an appeal to be taken in violation of Due Process;

e.  Defendants Refused to vacate orders to correct their wrongdoing restricting Plaintiff Stacey Pynn's access when there was a change of circumstances exonerating the falsely applied labels held unfairly against her;

f.  Defendants made false statements in court about the children's wishes in order to dismiss Plaintiff's applications;

**Causation:**  Defendants have hindered Plaintiff's ability to seek modification of the current custody and access order causing additional harm to her and her children who are knowingly severely abused and maltreated.

**Damages:**  Plaintiff Stacey Pynn has endured excessive attorney fees totaling approximately $1 million in fees and court costs, deprivation of substantial civil rights absent due process, loss of

income, loss of time to intimately associate with her children, emotional pain and suffering for over ten (10) years and seeks damages in an amount to be determined at trial.

### FORTH CAUSE OF ACTION IN VIOLATION OF THE FIRST NINTH AND FOURTEENTH AMENDMENTS VIOLATION OF DUE PROCESS RIGHT TO CARE AND CUSTODY OF CHILDREN AND RIGHTS TO INTIMATE ASSOCIATION UNDER 42 U.S.C. §1983

Plaintiff repeats and realleges the allegations set forth above as though full set forth herein All Defendants except for Defendant Matthew Pynn at all times relevant to this action acted under color of state law.

265.    Plaintiff Mother Stacey Pynn has a constitutionally protected liberty interest in the care, custody, and management of her children, the right to intimate association, and a substantial measure of sanctuary from unjustified interference from the State.  Defendants corruptly conspired to deprive / harshly restrict Plaintiff Stacey Pynn of her Fourteenth Amendment Right of Intimate Association with her children by:

a.  Plaintiff Mother Stacey Pynn has been deprived of said liberty interest without due process of law and was denied a fair and impartial forum;

b.  Tragically returning the runaway child to the custody of her father every time she ran and failed to place her in the custody of the Plaintiff every time.

c.  Manufactured false pretenses to prevent Plaintiff from attaining custody such as claiming she was a "false alleger";

d. Omitting, willfully ignoring child abuse of the Defendant Matthew Pynn and recklessly failing to examine the best interests and God given human rights of the children to be safe from child abuse and neglect;

e. Massively obstructed documents from court records;

f. Circulated the uncrossed discredited report of controversial David Nathanson and omitting that the report contains adverse data against Defendant Matthew Pynn indicating he has severe personality disorder with adverse parenting implications.

g. Failing to investigate reports of severe child abuse;

h. Failing to provide a fair forum for investigations;

i. Negligently delaying for seven years a multiphasic forensic evaluation for the children's reports of sexual abuse and strangulation and negligently permitting the perpetrator to drive her to the interview and threatening her safe parent mother witness from participating in the investigation;

j. Advancing false instruments to the state on the safety reports during CPS investigations saying no safety concerns despite the children's disclosures of severe sexual abuse and strangulation;

k. Hindering prosecution against Defendant Matthew Pynn;

l. Failing to protect, failure to afford a restraining order;

m. Adjudicating false defamatory labels against Plaintiff calling her meritless and frivolous litigator;

n. Dismissing corroborating evidence that the children's abuse disclosures are bona fide such behaviors ignored include but are not limited to: age-

inappropriate sexual knowledge at the age of eight, Plaintiff's son wrote

"You naked, me naked we put or winners in or butts, we suc or weners, we

do it for secs", sexualized and violent behavior changes, temper tantrums

and runaway behavior nearly exclusive to the perpetrator, school truancy,

nightmares, children's disclosures of sexual abuse to several witnesses

including Defendant Charles P. Ben, agoraphobia, the children's

disclosures of sexual abuse and strangulation that corroborate each other,

and the father's several indications for neglect, his own journal that

describes himself forcing a child onto her bed and hitting her, and his own

journal that states "porn made other sins cloud my thinking";

**Causation:** As a result of the Defendants unconstitutional conduct, Plaintiff Mother

Stacey Pynn was deprived of regular, physical custody of her four children, which she is

entitled to under the Fourteenth Amendment.

**Damages:** As a direct and proximate result of the foregoing, Plaintiff Mother Stacey

Pynn was damaged and injured in an amount to be determined at trial.


## FIFTH CAUSE OF ACTION ABUSE OF PROCESS IN VIOLATION OF NEW YORK STATE LAW RELATED TO JUDICIAL DEFENDANTS

Plaintiff repeats and realleges the allegations set forth above as though full

set forth herein All Defendants except for Defendant Matthew Pynn at all times relevant

to this action acted under color of state law.

266.    The Judicial Defendants named in this action also abused processes.

   a.    Defendant Richard Kloch failed his obligations to recuse at onset of the case in

         The State of New York Supreme Court, County of Niagara, *Pynn v Pynn*

e150065/2013 and created orders despite his knowing of Defendant personally

and professionally and having a predetermined bias on the case.

b.  Defendant Catherine Nugent-Panepinto failed her obligations to recuse in The

State of New York Supreme Court, County of Niagara, *Pynn v Pynn*

e150065/2013 when her law clerk is a client of oppositions counsel and ignored

emergency applications filed by Plaintiff Stacey Pynn's counsel to protect her

children from the perpetrator Defendant Matthew Pynn.  Defendant Catherine

Nugent-Panepinto, signed *ex parte* orders that the perpetrator Defendant Matthew

Pynn shall be the only parent to take the children to school despite the fact that

perpetrator Defendant Matthew Pynn at the time was incapable of transporting the

parties' daughter to school because whenever he attempted to take her, he

emotionally tormented her and she would arrive to school late and emotionally

distraught.  Now said child has failed out of school and has no education and the

perpetrator Defendant Matthew Pynn is indicated for educational neglect.

Defendant Catherine Nugent-Panepinto did this to give perpetrator Defendant

leverage over the safe parent Plaintiff Stacey Pynn in court.  Defendant Hon.

Catherine Nugent-Panepinto, has failed to file her public officer oath with the

State and is therefore not afforded the statutory protections of her office having

done this to Plaintiff Stacey Pynn.

c.  Defendant Sara Sheldon, JSC failed her obligations to recuse in The State of New

York Supreme Court, County of Niagara, *Pynn v Pynn* e150065/2013 when her

law clerk is a former coworker of perpetrator Defendant Matthew Pynn.

Defendant Sara Sheldon ordered the marital residence be sold or threatened

Plaintiff Mother Stacey Pynn she will go to jail. This was an illegal order by Defendant Sara Sheldon as there was no divorce to permit equitable distribution. This was to launder money to co-conspirators and financially batter and silence Plaintiff Mother Stacey Pynn. It was also to give a residential advantage to perpetrator Defendant Matthew Pynn and an attempt to render Plaintiff Mother Stacey Pynn homeless or in an apartment too small to accommodate four children.

d.  Defendant Daniel Furlong, failed his obligations to recuse in the State of New York Supreme Court, County of Niagara, Pynn v Pynn e150065/2013 due to his bias against mothers who report child abuse. Defendant Daniel Furlong, signed Defendant Sara Sheldon's illegal order to sell the residence or for Plaintiff Stacey Pynn to sign her $65,000.00 over to perpetrator Defendant Matthew Pynn. This was to launder money to co-conspirators and financially batter Plaintiff Mother and silence her. Defendant Daniel Furlong obstructed numerous documents from the official court record. Defendant Daniel Furlong abused his judicial powers of contempt against Plaintiff Stacey Pynn and ordered her to pay $1000.00. This order of contempt was vacated by Appellate review citing a violation of due process. This finding in violation of due process by The New York State Supreme Court Appellate Division Fourth Department in *S.P. v M.P.* 2022 NY Slip Op. 6377 Decided November 10, 2022 is a violation of Defendant Hon. Daniel Furlong's oath pursuant to New York State Public Officer's Law §30(e) and he is not afforded the statutory protections of his office pursuant to New York State Public Officer's Law §15.

e.  Defendant Frank Sedita, III abused processes in The State of New York

Supreme Court, County of Niagara, Pynn v Pynn e150065/2013 to falsely

label Plaintiff as a "vexatious and meritless" litigator when no reasonable

judge would have adjudicated this when the perpetrator Defendant Matthew

Pynn has four substantiated findings of child abuse/maltreatment.  Defendant

Frank Sedita, III used these false pretenses to preclude Plaintiff Stacey Pynn

from filing in court, absent an attorney, when he knew this was in effect a

complete unlawful obstruction of Plaintiff Mother's access to the courts being

a Chapter 13 debtor and cannot afford an attorney.  Defendant Frank Sedita,

III used his false labels held against the Plaintiff Mother as a plausible cause

to delete documents from the official court record, including Plaintiff's

Motion for him to be disqualified and notices of Appeal.  Defendant Frank

Sedita III created judgments, and ignored state and federal laws absent due

process ordering Plaintiff Mother Stacey Pynn to give large sums of money,

(and is now attempting to launder money from the unlawful sale of her home)

to co-conspirators including Charles P Ben, (who continues to pursue a

$20,000.00 judgement even though no due process was afforded) to the

perpetrator Defendant Matthew Pynn and his co-conspirators;


f.  Defendant Keith Kibler abused processes in the State of New

York Family Court County of Niagara file 80114 when he refused a hearing

on Plaintiff's Application for a Restraining Order from perpetrator Defendant

Matthew Pynn.  He further abused processes when he created orders outside

of his jurisdiction and ordered that Plaintiff Stacey Pynn was not allowed to file anything in any Family Court throughout the entire Eighth Judicial District.

g.      Defendant Kevin Carter, abused processes when he obstructed Plaintiff Stacey Pynn's criminal complaint from proceeding and refused when repeatedly asked by the Plaintiff Stacey Pynn to afford a change in venue.

h.      When Plaintiff complained to Defendants Lawrence Marks and Norman St. George, about the above actions of Judges, no effective intervention occurred for Plaintiff Stacey Pynn.

**Causation:**  If Plaintiff was afforded a fair venue with reasonable judges, her custody litigation would have ended a decade ago and she and her children would be protected and Plaintiff not financially battered.

**Damages:**  As such, the Plaintiff has suffered loss of time and enjoyment with her children, has suffered tremendously while her children are in the custody of their perpetrator of abuse/maltreatment and has endured theft of millions of dollars in property, assets and money and enormous attorney fees in an amount to be determined in a trial by jury.


**SIXTH CAUSE OF ACTION CONSPIRACY TO SEX TRAFFIC MINORS IN VIOLATION OF 18 U.S.C. §1591 UNDER COLOR OF LAW**

Plaintiff repeats and realleges the allegations set forth above as though full set forth herein All Defendants except for Defendant Matthew Pynn at all times relevant to this action acted under color of state law.

267.    The Defendants knew or had to have known that Plaintiff's children were indeed sexually abused and strangulated by the disgraced Defendant Matthew Pynn who has several substantiated findings of child abuse / maltreatment by a neighboring county child protection agency.

268.    The Defendants knew or had to have known that the Plaintiff's children's sexual abuse allegations are corroborated by:

a.  The mental state of the accused Defendant Matthew Pynn having several findings of child abuse / maltreatment,

b.  The age-inappropriate knowledge of sex and sexualized behavior problems of Plaintiff's son LP,

c.  The runaway behavior of HP from Defendant Matthew Pynn involving police to find her and secure her return,

d.  The disclosures of the children that corroborated each other's statements including their sexual abuse "pinching privets" and "hurting my butt" and that HP was being repeatedly strangulated by the disgraced Defendant Matthew Pynn.

269.      Yet the Defendants conspired to criminally commit and cover up the sexual abuse, strangulation and other forms of child abuse  and maltreatment of the perpetrator Defendant Matthew Pynn by doing the following:

a.      Keeping the matter "in house" refusing a change of venue for investigations and court cases;

b.      Manufacturing false pretenses calling the Plaintiff a "false alleger" when they knew this was not the case;

c.      Defaming the Plaintiff as a "meritless and frivolous" litigant;

d.      Assigning Charles P. Ben who used to hire Defendant Matthew Pynn for a period of time spanning more than a decade and who substituted the children's judgment arguing custody to their perpetrator father and lying to the court about the children's wishes;

e.      Assigning a controversial court forensic, David Nathanson who is known to recommend to the custody of child abusers and his reports have been related to child death(s);

f.      Relying on the cloak of confidentiality of CPS documentation and failing to report apparent felony child abuse crimes to the police;

g.      Failing to investigate or properly investigate reports of child abuse permitting it to perpetuate;

h.      Failing to protect;

**Causation**:  No reasonable court or child protection agency or attorney for children would do what these Defendants did to cover up child abuse leaving the Plaintiff's children unprotected.

**Damages:** As such, the Plaintiff has suffered loss of her God given rights of time and enjoyment with her children, has suffered tremendously while her children are in the custody of their perpetrator of abuse/maltreatment and has endured theft of millions of dollars in property, assets and money and enormous attorney fees in an amount to be determined in a trial by jury.

## SEVENTH CAUSE OF ACTION ACTIVITY IN VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT PURSUANT TO 18 U.S.C. §§ 1962 AND 1964

270. The criminal activities, cover ups, and corruption involving all of the Defendants, either jointly and/or severally in both their personal and/or administrative, and/or illegal judicial capacities constitute criminal activity pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964.

The Petitioner also brings this lawsuit pursuant to pursuant to 42 U.S. Code § 1983.

The Plaintiff brings this private civil action for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964(c).

The Plaintiff alleges that Defendants conduct involves statutorily prohibited activities: (1) investing in, (2) acquiring, and/or (3) conducting or participating in an enterprise with income derived from a pattern of racketeering activity, and (4) conspiring to commit the first three types of activity. 18 U.S.C. § 1962(a)–(d).

As to the element of causation, this plaintiff alleges that the unlawful conduct of all of the Defendants was the proximate cause of the plaintiff's injury. *Harmoni International Spice, Inc. v. Hume*, 914 F.3d 648, 651 (9th Cir. 2019)

The Plaintiff brings this Complaint RICO 18 U.S.C. § 1962(c) and (d), the conduct and conspiracy prongs of the statute.

Pursuant to 18 U.S.C. § 1962(c), the Plaintiff brings this lawsuit against all Defendants' (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the Plaintiff and her minor children by the conduct constituting the violations and criminal activities set forth herein.. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

The Defendants each committed criminal acts and conduct and had some part in directing the affairs of their criminal enterprise. [10]

---

[10] The conduct element of § 1962(c) requires that the defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (holding that accountants hired to perform audit of cooperative's records did not participate in "operation or management" of cooperative's affairs by failing to inform cooperative's board of directors that cooperative was arguably insolvent). In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal." *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (holding that attorney's performance of services for alleged associated-in-fact enterprise was not sufficient to satisfy § 1962(c)'s conduct element).

The Defendants conducted a pattern of racketeering activity, which resulted in irreparable harm to the Plaintiff and her minor children, from on or about February 4, 2013.[11]

The Defendants each conspired and schemed and conducted a criminal enterprise involving the exploitation and abuse of minors and conspired and conducted cover ups to conceal their ongoing criminal activity in the same.[12]

The Defendants criminal conduct was interrelated in purpose and scope and embraced criminal acts that had the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and were not isolated events.[13]

The criminal conduct of the Defendants was "long term" as defined under the RICO Act, beginning at least on or before February 4, 2013, and continuing until present day.[14]

---

[11] A pattern is defined as "at least two acts of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5). Proving two predicate acts is a necessary condition for finding a violation but may not be sufficient. *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989). To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." *Id.*; *Sever*, 978 F.2d at 1529.

[12] An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The "definition is not very demanding." *Odom*, 486 F.3d at 548. RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by an economic purpose. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 262 (1994).

[13] Related conduct "embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J., Inc.*, 492 U.S. at 240. Relatedness of the alleged or proven predicate acts is rarely an issue. *See Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987) (finding alleged predicate acts to be related.)

[14] The continuity requirement reflects Congress's concern in RICO with long-term criminal conduct. *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989). To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." Plaintiffs must prove either "open-ended" or "closed-ended" continuity—that is, a plaintiff must either prove a series of related predicate acts committed over a substantial period of time (known as closed-ended continuity) or show past conduct that by its nature projects into the future with a threat of repetition (known as open-ended continuity). *See Howard v. Am. Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000)

The Plaintiff alleges that the misconduct and criminal activity constitutes racketeering activity because the relevant conduct consists of at least one of the indictable predicate acts listed in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985) ("'[R]acketeering activity' consists of no more and no less than commission of a predicate act.").

Plaintiff alleges that the Defendants' conduct involved violations and criminal conduct through predicate offenses pursuant to: §§ 1461–1465 (relating to obscene matter); §1503 (relating to obstruction of justice); §1510 (relating to obstruction of criminal investigations); §1511 (relating to the obstruction of State or local law enforcement); §1512 (relating to tampering with a witness, victim, or an informant); §1513 (relating to retaliating against a witness, victim, or an informant); §§ 1581–1592 (relating to peonage, slavery, and trafficking in persons); §1952 (relating to racketeering); §§2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children); §§2421–24 (relating to white slave traffic); and title 18, United States Code: Section 201 (relating to bribery).

The RICO Act required predicate acts alleged by the Plaintiff and committed by the Defendants are proven upon the record as it exists and by a preponderance of the evidence. *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 531-32 (9th Cir. 1987).

This case is brought by the Plaintiff, Stacey Pynn, and it is based upon the reckless and harmful endangerment and neglect and abuse of minor children involving, but not limited to, violent physical and sexual abuse, molestation,

and sex trafficking of children and the cover up of these crimes, being conducted in the state of New York involving each of the Defendants.

The Defendants all conducted, and continue to conduct knowingly and willfully, at various and sundry times, violent, abusive, neglectful, predatory, criminal and harmful acts against children. All Defendants listed above were, or still are, directly or indirectly involved in the perpetration and conspiracy to abuse children and the cover up of these crimes, as proven upon the record of proceedings and the testimony of the victims. The Defendants perpetrate, promote and cover up these crimes in a continuing criminal enterprise.

**Causation**:  No reasonable court or child protection agency or attorney for children would do what these Defendants did to cover up child abuse leaving the Plaintiff's children unprotected.

**Damages:**  As such, the Plaintiff has suffered loss of her God given rights of time and enjoyment with her children, has suffered tremendously while her children are in the custody of their perpetrator of abuse/maltreatment and has endured theft of millions of dollars in property, assets and money and enormous attorney fees in an amount to be determined in a trial by jury.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Ms. Stacey Pynn demands a trial by jury in this action of all issues so triable.


## PRAYER FOR RELIEF

That Plaintiff Stacey Pynn respectfully requests that she be rewarded:

- compensatory damages against all defendants in an amount to be determined by the jury; and that Plaintiff Stacey Pynn be awarded punitive damages against all Defendants in an amount to be determined by the jury; and

- that this Court provide the injunctive relief to afford a fair forum via a transfer to different venue outside of Niagara County with a restraining order against all courts and investigative authorities, (police and child welfare), located within and around Niagara County from maintaining matters of Plaintiff Stacey Pynn and her immediate family; and

- that this Court to provide additional injunctive relief declaring that the actions of all the Defendants herein corruptly violated Plaintiff's right of access to the courts and equal protection under the law, violated her right to due process of a fair forum, and violated due process rights by obstructing voluminous material documents from the official court records in New York State courts repeatedly and persistently over the course of ten (10) years since inception of her cases of *Pynn v. Pynn* in the New York State Supreme Court, County of Niagara index #e150065/2013 and the New York State Family Court, County of Niagara file 80114 and in the New York State Family Court, County of Erie in violation of the First, Fifth, Ninth and Fourteenth Amendments in the Constitution of the United States and New York State Constitution Article I, VI, and XIII, and under the Common Law of New York, specifically deprivation of rights without due process of law; and

- this court to rule the judicial Defendants created orders that are void and unenforceable due to judicial fraud on the court; and that the Defendants

- committed theft of millions of dollars in assets and money without jurisdiction and while impersonating court officers; and

- that the Defendants inflicted emotional distress including by negligent infliction; and

- for this Court to order Defendants to cease and desist from obstructing official government records, including but not limited to documents from court and corresponding docket sheets and investigative records;

- and that this Court provide the additional injunctive relief removing all state court orders that preclude Plaintiff Stacey Pynn's right of public access to the courts;

- and that this Court pursuant to 42 U.S.C. §1988, issue and order awarding Plaintiff Stacey Pynn reasonable attorney's fees together with the costs of this action against all defendants;

- and that this Court to order the Defendants without their required oath on file the *ab initio* vacatur of their elected or appointed offices, and for those Defendants in violation of their oath requirements pursuant to New York State Public Officer's Law §10 are denied any statutory protections of their office including but not limited to immunity; and,

- that this Court enter the New York State Unified Court System into a federal receivership given the profuse Constitutional disregard herein described, and

- that this court to rule that the New York CPS Program Manual is in violation of the U.S. Constitutional due process requirement upon the direction to refer substantiated reports from a neighboring county back to the conflict-of-interest preferred jurisdiction county to decide on any court intervention.

- that this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of May 2024, I Stacey Pynn, the Plaintiff in the above captioned case, appearing pro se do hereby affirm that the foregoing is truthful and correct to the best of my knowledge and belief under penalty of perjury.

Dated: May 22, 2024
      Buffalo, New York

                                 Stacey Pynn, pro se
                                 7217 Woodmore Court
                                 Lockport, New York 14094
                                 (716) 430-1456
                                 safetypynn@gmail.com

**EXHIBIT A NYSCEF DOCKET**
**NEW YORK STATE SUPREME COURT COUNTY OF NAIG**

Niagara County Supreme Court

**Document List**

**Index #  E150065/2013**

Created on:05/23/2024 04:31 PM

Case Caption:  **Stacey Pynn et al v. Matthew Pynn**

Judge Name:  **Frank A. Sedita**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | COUNTY CLERK MINUTES -PRIOR TO CONVERSION Case commenced 5/10/2013 - System will not allow a date more than 5 years prior to be entered | Processed | 10/28/2020 | Court User |
| 2 | RJI -RE: OTHER | Processed | 10/28/2020 | Court User |
| 3 | CONSENT TO EFILING | Processed | 10/28/2020 | Court User |
| 4 | OTHER COURT FILED DOCUMENT REQUEST FOR JUDICIAL INTERVENTION | Processed | 10/28/2020 | Court User |
| 5 | SUMMONS WITH NOTICE | Processed | 10/28/2020 | Court User |
| 6 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 7 | OTHER COURT FILED DOCUMENT AFF SERV/MATTHEW P PYNN | Processed | 10/28/2020 | Court User |
| 8 | OTHER COURT FILED DOCUMENT ORDER - TRANSFER TO TRIAL JUDGE/PANEPINTO | Processed | 10/28/2020 | Court User |
| 9 | OTHER COURT FILED DOCUMENT ORDER-ATTY CHARLES BEN APPOINTED FOR CHILDREN | Processed | 10/28/2020 | Court User |
| 10 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 11 | OTHER COURT FILED DOCUMENT ORDER AUTH EXPERT SERVICES/KLOCH | Processed | 10/28/2020 | Court User |
| 12 | OTHER COURT FILED DOCUMENT ORDER TO PAY CHARLES P BEN/KLOCH | Processed | 10/28/2020 | Court User |
| 13 | OTHER COURT FILED DOCUMENT TEMP ORDER- SEE VARIOUS  - KLOCH | Processed | 10/28/2020 | Court User |
| 14 | OTHER COURT FILED DOCUMENT ANSWER & COUNTERCLAIM | Processed | 10/28/2020 | Court User |
| 15 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 16 | OTHER COURT FILED DOCUMENT CLERKS MINUTES | Processed | 10/28/2020 | Court User |
| 17 | OTHER COURT FILED DOCUMENT TEMPORARY ORDER/KLOCH | Processed | 10/28/2020 | Court User |
| 18 | OTHER COURT FILED DOCUMENT TEMPORARY ORDER; KLOCH | Processed | 10/28/2020 | Court User |
| 19 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 20 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 21 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 22 | OTHER COURT FILED DOCUMENT CROSS NOTICE OF MOTION | Processed | 10/28/2020 | Court User |

NYSCEF

Niagara County Supreme Court

**Document List**

**Index #   E150065/2013**          Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 23 | OTHER COURT FILED DOCUMENT<br>ATTORNEY AFFIDAVIT/ADAMS ESQ/EXH A-B | Processed | 10/28/2020 | Court User |
| 24 | OTHER COURT FILED DOCUMENT<br>MOTION FOR ADMISSION OF COUNSEL PRO HAC | Processed | 10/28/2020 | Court User |
| 25 | OTHER COURT FILED DOCUMENT<br>UNSIGNED ORDER FOR ADMISSION PRO HAC VICE | Processed | 10/28/2020 | Court User |
| 26 | OTHER COURT FILED DOCUMENT<br>EXHIBITS  A - B | Processed | 10/28/2020 | Court User |
| 27 | OTHER COURT FILED DOCUMENT<br>AFF RESPONSE TO MOTION FOR PRO HAC W\EXH A-C | Processed | 10/28/2020 | Court User |
| 28 | OTHER COURT FILED DOCUMENT<br>DECISION AND ORDER/KLOCH | Processed | 10/28/2020 | Court User |
| 29 | OTHER COURT FILED DOCUMENT<br>NOTICE OF RETAINER AND APPEARANCE | Processed | 10/28/2020 | Court User |
| 30 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 31 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 32 | OTHER COURT FILED DOCUMENT<br>ORDER - MOTION DENIED/KLOCH | Processed | 10/28/2020 | Court User |
| 33 | NOTICE OF APPEAL | Processed | 10/28/2020 | Court User |
| 34 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT OF STACEY PYNN | Processed | 10/28/2020 | Court User |
| 35 | OTHER COURT FILED DOCUMENT<br>ATTY AFFIRMATION\JOAN CASILIO ADAMS ESQ | Processed | 10/28/2020 | Court User |
| 36 | OTHER COURT FILED DOCUMENT<br>ATTY AFFIRMATION STEVEN H GROCOTT ESQ | Processed | 10/28/2020 | Court User |
| 37 | OTHER COURT FILED DOCUMENT<br>SUPPORTING PAPERS | Processed | 10/28/2020 | Court User |
| 38 | OTHER COURT FILED DOCUMENT<br>ATTY AFFIDAVIT\CHARLES P BEN | Processed | 10/28/2020 | Court User |
| 39 | OTHER COURT FILED DOCUMENT<br>SUPPLEMENTAL & REPLY ATTY AFF\STEVEN H GROCOTT | Processed | 10/28/2020 | Court User |
| 40 | OTHER COURT FILED DOCUMENT<br>AFFIRMATION\MICHELE G BERGEVIN | Processed | 10/28/2020 | Court User |
| 41 | OTHER COURT FILED DOCUMENT<br>SUPPLEMENTAL ATTY AFF\KRISTIN L ARCURI | Processed | 10/28/2020 | Court User |
| 42 | OTHER COURT FILED DOCUMENT<br>ORDER\VARIOUS\KLCOH | Processed | 10/28/2020 | Court User |
| 43 | OTHER COURT FILED DOCUMENT<br>AMENDED NOTICE OF APPEAL | Processed | 10/28/2020 | Court User |
| 44 | OTHER COURT FILED DOCUMENT<br>TEMPORARY ORDER / KLOCH | Processed | 10/28/2020 | Court User |
| 45 | OTHER COURT FILED DOCUMENT<br>ORDER / KLOCH | Processed | 10/28/2020 | Court User |

NYSCEF

Niagara County Supreme Court

**Document List**

Index #  **E150065/2013**

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 46 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 47 | NOTICE OF APPEAL | Processed | 10/28/2020 | Court User |
| 48 | NOTICE OF APPEAL | Processed | 10/28/2020 | Court User |
| 49 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 50 | OTHER COURT FILED DOCUMENT<br>TEMPORARY ORDER RE: CHILD SUPPORT, RENT,<br>ATTY FEES / KLOCH | Processed | 10/28/2020 | Court User |
| 51 | NOTICE OF APPEAL | Processed | 10/28/2020 | Court User |
| 52 | OTHER COURT FILED DOCUMENT<br>ORDER TO SHOW CAUSE / PANEPINTO | Processed | 10/28/2020 | Court User |
| 53 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT/MATTHEW PYNN | Processed | 10/28/2020 | Court User |
| 54 | OTHER COURT FILED DOCUMENT<br>CROSS NOTICE OF MOTION | Processed | 10/28/2020 | Court User |
| 55 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT IN SUPPORT/STACEY PYNN W/EXH A-C | Processed | 10/28/2020 | Court User |
| 56 | OTHER COURT FILED DOCUMENT<br>REPLY AFFIDAVIT/MATTHEW PYNN | Processed | 10/28/2020 | Court User |
| 57 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT/MATTHEW PYNN W/EXH A-B | Processed | 10/28/2020 | Court User |
| 58 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT/MATTHEW PYNN W/EXH A-D | Processed | 10/28/2020 | Court User |
| 59 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT/MATTHEW PYNN | Processed | 10/28/2020 | Court User |
| 60 | OTHER COURT FILED DOCUMENT<br>AFFIRMATION/MICHELE BERGEVIN | Processed | 10/28/2020 | Court User |
| 61 | OTHER COURT FILED DOCUMENT<br>EXHIBITS A-G | Processed | 10/28/2020 | Court User |
| 62 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT/MATTHEW PYNN | Processed | 10/28/2020 | Court User |
| 63 | OTHER COURT FILED DOCUMENT<br>REPLY/STACEY PYNN | Processed | 10/28/2020 | Court User |
| 64 | OTHER COURT FILED DOCUMENT<br>ATTY AFFIRMATION/KRISTIN ARCURI | Processed | 10/28/2020 | Court User |
| 65 | OTHER COURT FILED DOCUMENT<br>ATTY AFFIRMATION/KRISTIN ARCURI | Processed | 10/28/2020 | Court User |
| 66 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT/STACEY PYNN | Processed | 10/28/2020 | Court User |
| 67 | OTHER COURT FILED DOCUMENT<br>SUPPLEMENTAL AFFIDAVIT/STACEY PYNN | Processed | 10/28/2020 | Court User |
| 68 | OTHER COURT FILED DOCUMENT<br>ATTY AFFIRMATION/CHARLES BEN | Processed | 10/28/2020 | Court User |

Case 1:24-cv-00508-LJV    Document 1    Filed 05/23/24    Page 104 of 121

NYSCEF
Niagara County Supreme Court

**Document List**
Index #  E150065/2013

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 69 | OTHER COURT FILED DOCUMENT<br>ORDER ON STIPULATION | Processed | 10/28/2020 | Court User |
| 70 | OTHER COURT FILED DOCUMENT<br>ATTORNEY AFFIRMATION - KRISTIN L ARCURI ESQ | Processed | 10/28/2020 | Court User |
| 71 | OTHER COURT FILED DOCUMENT<br>ORDER TO SHOW CAUSE - KLOCH | Processed | 10/28/2020 | Court User |
| 72 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT & EXHIBIT A - MATTHEW P PYNN/ DEF | Processed | 10/28/2020 | Court User |
| 73 | OTHER COURT FILED DOCUMENT<br>ATTORNEY AFFIRMATION - KRISTIN L ARCURI ESQ | Processed | 10/28/2020 | Court User |
| 74 | OTHER COURT FILED DOCUMENT<br>ORDER TO SHOW CAUSE FOR CONTEMPT - KLOCH | Processed | 10/28/2020 | Court User |
| 75 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT - MATTHEW P PYNN/ DEF | Processed | 10/28/2020 | Court User |
| 76 | OTHER COURT FILED DOCUMENT<br>ATTORNEY AFF & EXHIBITS A - C/ MICHELE G<br>BERGEVIN | Processed | 10/28/2020 | Court User |
| 77 | OTHER COURT FILED DOCUMENT<br>CUSTODY AND ACCESS AGREEMENT | Processed | 10/28/2020 | Court User |
| 78 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 79 | OTHER COURT FILED DOCUMENT<br>FINAL ORDER ON AGREEMENT - CUSTODY &<br>ACCESS/KLOCH | Processed | 10/28/2020 | Court User |
| 80 | OTHER COURT FILED DOCUMENT<br>COPY- CUSTODY AND ACCESS AGREEMENT | Processed | 10/28/2020 | Court User |
| 81 | OTHER COURT FILED DOCUMENT<br>TEMPORARY ORDER /KLOCH | Processed | 10/28/2020 | Court User |
| 82 | AFFIDAVIT OF DEFENDANT | Processed | 10/28/2020 | Court User |
| 83 | OTHER COURT FILED DOCUMENT<br>EXHIBITS A & B | Processed | 10/28/2020 | Court User |
| 84 | AFFIDAVIT OF PLAINTIFF | Processed | 10/28/2020 | Court User |
| 85 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 86 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 87 | OTHER COURT FILED DOCUMENT<br>ORDER/KLOCH SR | Processed | 10/28/2020 | Court User |
| 88 | OTHER COURT FILED DOCUMENT<br>ORDER/MONEY JUDGMENT | Processed | 10/28/2020 | Court User |
| 89 | OTHER COURT FILED DOCUMENT<br>MISCELLANEOUS JUDGMENT | Processed | 10/28/2020 | Court User |
| 90 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 91 | OTHER COURT FILED DOCUMENT<br>ORDER/SHELDON | Processed | 10/28/2020 | Court User |

NYSCEF
Niagara County Supreme Court

**Document List**
Index #   E150065/2013

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 92 | OTHER COURT FILED DOCUMENT ORDER/SHELDON | Processed | 10/28/2020 | Court User |
| 93 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 94 | OTHER COURT FILED DOCUMENT ATTORNEY'S AFFIRMATION IN OPPOSITION | Processed | 10/28/2020 | Court User |
| 95 | OTHER COURT FILED DOCUMENT ORDER/SHELDON | Processed | 10/28/2020 | Court User |
| 96 | OTHER COURT FILED DOCUMENT NOTICE AND CONSENT TO CHANGE ATTY | Processed | 10/28/2020 | Court User |
| 97 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 98 | OTHER COURT FILED DOCUMENT ATTORNEY AFFIDAVIT W/EXHBTS | Processed | 10/28/2020 | Court User |
| 99 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 100 | OTHER COURT FILED DOCUMENT NOTICE OF CROSS MOTION | Processed | 10/28/2020 | Court User |
| 101 | OTHER COURT FILED DOCUMENT ATTY AFF W EXHBTS A-D/MICHELE BERGEVIN | Processed | 10/28/2020 | Court User |
| 102 | OTHER COURT FILED DOCUMENT ORDER/FURLONG | Processed | 10/28/2020 | Court User |
| 103 | RETAINER AGREEMENT | Processed | 10/28/2020 | Court User |
| 104 | OTHER COURT FILED DOCUMENT STATEMENT OF CLIENTS RIGHTS & RESPONSIBILITIES | Processed | 10/28/2020 | Court User |
| 105 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 106 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 107 | OTHER COURT FILED DOCUMENT PROPERTY SETTLEMENT AND SEPARATION AGREEMENT | Processed | 10/28/2020 | Court User |
| 108 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 109 | OTHER COURT FILED DOCUMENT ORDER TO SHOW CAUSE/FURLONG | Processed | 10/28/2020 | Court User |
| 110 | OTHER COURT FILED DOCUMENT AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE | Processed | 10/28/2020 | Court User |
| 111 | OTHER COURT FILED DOCUMENT AFFIDAVIT/ESTELA MEJIA | Processed | 10/28/2020 | Court User |
| 112 | OTHER COURT FILED DOCUMENT MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 113 | OTHER COURT FILED DOCUMENT ORDER ON MOTION/FURLONG | Processed | 10/28/2020 | Court User |

NYSCEF
Niagara County Supreme Court

**Document List**
**Index #  E150065/2013**

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 114 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 115 | OTHER COURT FILED DOCUMENT<br>AFFIRMATION OF ELIZABETH M DIPIRRO ESQ | Processed | 10/28/2020 | Court User |
| 116 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 117 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 118 | OTHER COURT FILED DOCUMENT<br>NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 119 | JUDGMENT OF DIVORCE | Processed | 10/28/2020 | Court User |
| 120 | OTHER COURT FILED DOCUMENT<br>VERIFIED COMPLAINT | Processed | 10/28/2020 | Court User |
| 121 | OTHER COURT FILED DOCUMENT<br>STIPULATION AND WITHDRAWAL | Processed | 10/28/2020 | Court User |
| 122 | AFFIDAVIT IN LIEU OF TESTIMONY | Processed | 10/28/2020 | Court User |
| 123 | OTHER COURT FILED DOCUMENT<br>STIPULATION | Processed | 10/28/2020 | Court User |
| 124 | OTHER COURT FILED DOCUMENT<br>FINDINGS OF FACT & CONCLUSIONS OF LAW | Processed | 10/28/2020 | Court User |
| 125 | OTHER COURT FILED DOCUMENT<br>ORDER ON MOTION/FURLONG | Processed | 10/28/2020 | Court User |
| 126 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 127 | AFFIDAVIT | Processed | 10/28/2020 | Court User |
| 128 | NOTICE OF APPEAL | Processed | 10/28/2020 | Court User |
| 129 | NOTICE OF ENTRY | Processed | 10/28/2020 | Court User |
| 130 | OTHER COURT FILED DOCUMENT<br>AFF OF SERVICE BY MAIL | Processed | 10/28/2020 | Court User |
| 131 | OTHER COURT FILED DOCUMENT<br>PLTF PROPOSED WITNESS LIST | Processed | 10/28/2020 | Court User |
| 132 | OTHER COURT FILED DOCUMENT<br>CERTIFICATE OF SERVICE | Processed | 10/28/2020 | Court User |
| 133 | OTHER COURT FILED DOCUMENT<br>AFF OF SERVICE BY MAIL | Processed | 10/28/2020 | Court User |
| 134 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 135 | OTHER COURT FILED DOCUMENT<br>CORRESPONDENCE | Processed | 10/28/2020 | Court User |
| 136 | OTHER COURT FILED DOCUMENT<br>PLAINTIFFS RESPONSE & CROSS NOTICE OF<br>MOTION | Processed | 10/28/2020 | Court User |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 137 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT PLAINTIFF W/ EXHIBITS | Processed | 10/28/2020 | Court User |
| 138 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 139 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 140 | OTHER COURT FILED DOCUMENT<br>SUPPLEMENTAL AFFIDAVIT PLAINTIFF W EXHIBITS | Processed | 10/28/2020 | Court User |
| 141 | OTHER COURT FILED DOCUMENT<br>SUPPLEMENTAL AFFIDAVIT/PLAINTIFF W EXHIBITS | Processed | 10/28/2020 | Court User |
| 142 | OTHER COURT FILED DOCUMENT<br>DISCOVERY SCHEDULING ORDER/FURLONG | Processed | 10/28/2020 | Court User |
| 143 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 144 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 145 | AFFIDAVIT OF PLAINTIFF | Processed | 10/28/2020 | Court User |
| 146 | AFFIDAVIT OF PLAINTIFF | Processed | 10/28/2020 | Court User |
| 147 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 148 | OTHER COURT FILED DOCUMENT<br>PRO SE PLAINTIFF AFFIDAVIT | Processed | 10/28/2020 | Court User |
| 149 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 150 | OTHER COURT FILED DOCUMENT<br>MOTION TO COMPEL DISCOVERY | Processed | 10/28/2020 | Court User |
| 151 | OTHER COURT FILED DOCUMENT<br>PRS SE PLAINTIFF AFFIDAVIT | Processed | 10/28/2020 | Court User |
| 152 | OTHER COURT FILED DOCUMENT<br>CLERKS MINUTES W/EXHIBIT LIST | Processed | 10/28/2020 | Court User |
| 153 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 154 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 155 | OTHER COURT FILED DOCUMENT<br>EMERGENCY MOTION | Processed | 10/28/2020 | Court User |
| 156 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT IN SUPPORT | Processed | 10/28/2020 | Court User |
| 157 | OTHER COURT FILED DOCUMENT<br>MOTION NOTE OF ISSUE | Processed | 10/28/2020 | Court User |
| 158 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT OF PLAINTIFF W EXHIB A-P | Processed | 10/28/2020 | Court User |
| 159 | OTHER COURT FILED DOCUMENT<br>STIP & CONSENT TO EFILE | Processed | 10/28/2020 | Court User |

NYSCEF

Niagara County Supreme Court

**Document List**

**Index #  E150065/2013**

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 160 | NOTICE OF MOTION<br>Pro Se filer - filed by NCCO (Doc 157 & 158) | Processed | 10/30/2020 | Court User |
| 161 | AFFIDAVIT | Processed | 10/30/2020 | Court User |
| 162 | STATEMENT OF NET WORTH | Processed | 11/16/2020 | Bergevin, M. |
| 163 | NOTICE OF CROSS-MOTION | Processed | 11/16/2020 | Bergevin, M. |
| 164 | AFFIRMATION | Processed | 11/16/2020 | Bergevin, M. |
| 165 | AFFIDAVIT | Processed | 11/16/2020 | Bergevin, M. |
| 166 | EXHIBIT(S)<br>Stipulation | Processed | 11/16/2020 | Bergevin, M. |
| 167 | EXHIBIT(S)<br>email | Processed | 11/16/2020 | Bergevin, M. |
| 168 | EXHIBIT(S)<br>arrears | Processed | 11/16/2020 | Bergevin, M. |
| 169 | EXHIBIT(S)<br>SCU payments | Processed | 11/16/2020 | Bergevin, M. |
| 170 | NOTICE OF MOTION | Processed | 11/18/2020 | Court User |
| 171 | AFFIDAVIT | Processed | 11/18/2020 | Court User |
| 172 | ORDER (PROPOSED) | Processed | 11/18/2020 | Court User |
| 173 | AFFIRMATION | Processed | 11/25/2020 | Ben, C. |
| 174 | ORDER - OTHER<br>Signed Order on Custody | Processed | 11/30/2020 | Court User |
| 175 | ORDER ( PROPOSED ) | Processed | 12/01/2020 | Bergevin, M. |
| 176 | ORDER ( PROPOSED ) | Processed | 12/01/2020 | Bergevin, M. |
| 177 | AFFIDAVIT<br>Affidavit of Stacey Pynn | Processed | 12/02/2020 | Court User |
| 178 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service | Processed | 12/02/2020 | Court User |
| 179 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT OF SERVICE | Processed | 12/03/2020 | Court User |
| 180 | OTHER COURT FILED DOCUMENT<br>NOTICE OF TRANSCRIPTS | Processed | 12/03/2020 | Court User |
| 181 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT OF SERVICE OF NOTICE OF MOTION | Processed | 12/03/2020 | Court User |
| 182 | NOTICE OF MOTION<br>Emergency Motion/Pro Se Affidavit | Processed | 12/03/2020 | Court User |

NYSCEF
Niagara County Supreme Court

**Document List**
Index #   E150065/2013

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 183 | NOTICE OF APPEAL | Processed | 12/03/2020 | Court User |
| 184 | ORDER - OTHER<br>Order on Motion | Processed | 12/03/2020 | Court User |
| 185 | ORDER - OTHER<br>Interim Order | Processed | 12/03/2020 | Court User |
| 186 | AFFIDAVIT<br>Responding Affidavit | Processed | 12/08/2020 | Bergevin, M. |
| 187 | AFFIDAVIT | Processed | 12/09/2020 | Court User |
| 188 | AFFIDAVIT | Processed | 12/16/2020 | Court User |
| 189 | ORDER TO SHOW CAUSE ( PROPOSED )<br>Emergency Order to Show Cause | Processed | 12/23/2020 | Court User |
| 190 | AFFIDAVIT<br>Stacey Pynn | Processed | 12/23/2020 | Court User |
| 191 | AFFIDAVIT<br>Laurie Sonnelitter | Processed | 12/23/2020 | Court User |
| 192 | NOTICE OF MOTION | Processed | 12/30/2020 | Court User |
| 193 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | Processed | 12/30/2020 | Court User |
| 194 | SUBPOENA ( REQUEST TO SO ORDER ) | Processed | 12/30/2020 | Court User |
| 195 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT OF SERVICE OF MOTION | Processed | 12/30/2020 | Court User |
| 196 | NOTICE OF MOTION | Processed | 01/19/2021 | Court User |
| 197 | AFFIDAVIT | Processed | 01/19/2021 | Court User |
| 198 | ORDER (PROPOSED) | Processed | 01/21/2021 | Bergevin, M. |
| 199 | | Deleted | | |
| 200 | ORDER ( PROPOSED )<br>refiling with caption corrected | Processed | 01/21/2021 | Bergevin, M. |
| 201 | NOTICE OF MOTION | Processed | 01/29/2021 | Court User |
| 202 | AFFIDAVIT | Processed | 01/29/2021 | Court User |
| 203 | ORDER - OTHER<br>Contempt Order | Processed | 02/01/2021 | Court User |
| 204 | ORDER - OTHER<br>Money Judgment | Processed | 02/01/2021 | Court User |
| 205 | ORDER - OTHER<br>Money Judgment | Processed | 02/01/2021 | Court User |

Case 1:24-cv-00508-LJV    Document 1    Filed 05/23/24    Page 110 of 121

NYSCEF
Niagara County Supreme Court

**Document List**
Index #  E150065/2013

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 206 | ORDER - OTHER<br>Child Support | Processed | 02/01/2021 | Court User |
| 207 | ORDER - OTHER<br>Child Support | Processed | 02/01/2021 | Court User |
| 208 | APPELLATE COURT DECISION/ORDER (CERTIFIED COPY)<br>Appellate Division Order 01/28/2021 | Processed | 02/05/2021 | Court User |
| 209 | ORDER - AMENDED<br>Amended Order Of Contempt | Processed | 02/08/2021 | Court User |
| 210 | LETTER/CORRESPONDENCE FROM COURT | Processed | 02/08/2021 | Court User |
| 211 | NOTICE OF CROSS-MOTION | Processed | 02/15/2021 | Bergevin, M. |
| 212 | AFFIRMATION | Processed | 02/15/2021 | Bergevin, M. |
| 213 | EXHIBIT(S)<br>Order | Processed | 02/15/2021 | Bergevin, M. |
| 214 | EXHIBIT(S)<br>email | Processed | 02/15/2021 | Bergevin, M. |
| 215 | NOTICE OF MOTION | Processed | 02/25/2021 | Court User |
| 216 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | Processed | 02/25/2021 | Court User |
| 217 | | Deleted | | |
| 218 | OTHER COURT FILED DOCUMENT<br>Notice of Transcripts for Appeal | Processed | 02/25/2021 | Court User |
| 219 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 02/25/2021 | Court User |
| 220 | LETTER/CORRESPONDENCE - TO COURT | Processed | 02/25/2021 | Court User |
| 221 | ORDER TO SHOW CAUSE ( PROPOSED ) | Processed | 02/25/2021 | Court User |
| 222 | | Deleted | | |
| 223 | AFFIDAVIT | Processed | 02/25/2021 | Court User |
| 224 | | Deleted | | |
| 225 | NOTICE OF APPEAL | Processed | 02/25/2021 | Court User |
| 226 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | Processed | 03/17/2021 | Bergevin, M. |
| 227 | AFFIRMATION OF ATTORNEY FEES | Processed | 03/17/2021 | Bergevin, M. |
| 228 | EXHIBIT(S)<br>Order | Processed | 03/17/2021 | Bergevin, M. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 229 | EXHIBIT(S)<br>invoices | Processed | 03/17/2021 | Bergevin, M. |
| 230 | EXHIBIT(S)<br>Retainer Agreement | Processed | 03/17/2021 | Bergevin, M. |
| 231 | AFFIRMATION OF SERVICES FOR ATTORNEY FOR THE CHILD(REN) UCS881 | Processed | 03/18/2021 | Ben, C. |
| 232 | EXHIBIT(S)<br>Order Appointing Attorney for Child(ren) | Processed | 03/18/2021 | Ben, C. |
| 233 | EXHIBIT(S)<br>E-mail to Court Regarding Hourly Rate | Processed | 03/18/2021 | Ben, C. |
| 234 | EXHIBIT(S)<br>Attorney for Children Billing Statement | Processed | 03/18/2021 | Ben, C. |
| 235 | ORDER TO SHOW CAUSE ( PROPOSED ) | Processed | 03/24/2021 | Court User |
| 236 | AFFIDAVIT | Processed | 03/24/2021 | Court User |
| 237 | ORDER ( PROPOSED ) | Processed | 03/26/2021 | Bergevin, M. |
| 238 | COPY OF SUBPOENA | Processed | 03/29/2021 | Ben, C. |
| 239 | ORDER - OTHER<br>Order on Motion | Processed | 03/29/2021 | Court User |
| 240 | ORDER - OTHER<br>Order on Motion | Processed | 03/29/2021 | Court User |
| 241 | ORDER TO SHOW CAUSE ( PROPOSED )<br>Pro se filer | Processed | 04/09/2021 | Court User |
| 242 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP<br>Pro se filer | Processed | 04/09/2021 | Court User |
| 243 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Pro se filer | Processed | 04/09/2021 | Court User |
| 244 | ANSWER WITH COUNTER-CLAIM(S) | Processed | 04/21/2021 | Court User |
| 245 | AFFIDAVIT | Processed | 04/21/2021 | Court User |
| 246 | | Deleted | | |
| 247 | ORDER - OTHER<br>Order For Counselor Appearance | Processed | 05/26/2021 | Court User |
| 248 | OTHER COURT FILED DOCUMENT<br>AFFIDAVIT OF SERVICE | Processed | 06/04/2021 | Court User |
| 249 | AFFIDAVIT | Processed | 06/11/2021 | Court User |
| 250 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/29/2021 | Court User |
| 251 | AFFIDAVIT | Processed | 08/13/2021 | Court User |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 252 | ORDER - AWARDING FEE<br>AFC Fee Order | Processed | 10/18/2021 | Court User |
| 253 | OTHER COURT FILED DOCUMENT<br>Updated AFC Time Sheets | Processed | 10/18/2021 | Court User |
| 254 | NOTICE OF MOTION | Processed | 11/08/2021 | Court User |
| 255 | AFFIDAVIT | Processed | 11/08/2021 | Court User |
| 256 | ORDER ( PROPOSED ) | Processed | 11/08/2021 | Court User |
| 257 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Filed by NCCO on behalf of Pro-Se Plaintiff | Processed | 11/15/2021 | Court User |
| 258 | NOTICE OF MOTION | Processed | 12/03/2021 | Court User |
| 259 | AFFIDAVIT | Processed | 12/03/2021 | Court User |
| 260 | EXHIBIT(S)<br>Recusal Kloch | Processed | 12/03/2021 | Court User |
| 261 | EXHIBIT(S)<br>Recusal Sheldon | Processed | 12/03/2021 | Court User |
| 262 | EXHIBIT(S)<br>Recusal Furlong | Processed | 12/03/2021 | Court User |
| 263 | EXHIBIT(S)<br>Petiatrician Transcript | Processed | 12/03/2021 | Court User |
| 264 | EXHIBIT(S)<br>Motion Custody | Processed | 12/03/2021 | Court User |
| 265 | EXHIBIT(S)<br>Order Contempt | Processed | 12/03/2021 | Court User |
| 266 | EXHIBIT(S)<br>Custody Agreement | Processed | 12/03/2021 | Court User |
| 267 | EXHIBIT(S)<br>Order and Judgment | Processed | 12/03/2021 | Court User |
| 268 | ORDER - RECUSAL | Processed | 12/06/2021 | Court User |
| 269 | ORDER - RECUSAL | Processed | 12/06/2021 | Court User |
| 270 | LETTER/CORRESPONDENCE FROM COURT | Processed | 12/08/2021 | Court User |
| 271 | NOTICE OF MOTION | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 272 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 273 | AFFIDAVIT | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 274 | EXHIBIT(S)<br>Exhibit A OTSC Judge Recusal Constitutional violations / depraved indifference for childrens' lives | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |

NYSCEF
Niagara County Supreme Court

**Document List**
Index #  **E150065/2013**    Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 275 | EXHIBIT(S)<br>Exhibit B Email from law clerk will review OTSC this week | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 276 | EXHIBIT(S)<br>Exhibit C NYSCEF notifications | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 277 | EXHIBIT(S)<br>Exhibit D backdated statements for recusal filed 12/6/2021 | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 278 | EXHIBIT(S)<br>Exhibit E Grieser contributions to Sedita campaign | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 279 | EXHIBIT(S)<br>Exhibit F Sedita order denying full and proper hearing for custody application | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 280 | EXHIBIT(S)<br>Exhibit G Motion to Vacate Recused Judicial Orders due to fraud on the court | Processed | 12/15/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 281 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | Processed | 12/17/2021 | Bergevin, M. |
| 282 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>served 12/15/2021 and notarized 12/15/2021 | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 283 | RECORD ON APPEAL (COPY)<br>Notice of Motion to Produce complete records for appeal | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 284 | RECORD ON APPEAL (COPY)<br>Affidavit for Motion to Produce accurate records for appeal | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 285 | RECORD ON APPEAL (COPY)<br>Exhibit A motion to produce accurate record for appeal | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 286 | RECORD ON APPEAL (COPY)<br>Exhibit B Motion to Produce accurate records for appeal | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 287 | RECORD ON APPEAL (COPY)<br>Exhibit C Motion to produce accurate record for appeal | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 288 | RECORD ON APPEAL (COPY)<br>Exhibit D Motion to Produce accurate records for appeal | Processed | 12/21/2021 | Pynn, S. (Pro Hac / Pro Se) |
| 289 | RECORD ON APPEAL (COPY)<br>Copy of  Plaintiff-Appellant Brief Custody | Processed | 01/05/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 290 | ORDER - OTHER<br>Signed -  Order Precluding New Filings | Processed | 01/05/2022 | Court User |
| 291 | OTHER COURT FILED DOCUMENT<br>RECEIPT / CERTIFICATION - STACEY | Processed | 01/06/2022 | Court User |
| 292 | NOTICE OF APPEAL<br>Notice of Appeal and Affidavit of Service | Processed | 01/08/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 293 | RECORD ON APPEAL (COPY)<br>Notice of Transcripts and Affidavit of Service | Processed | 01/08/2022 | Pynn, S. (Pro Hac / Pro Se) |

NYSCEF

Niagara County Supreme Court

**Document List**

**Index #  E150065/2013**

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 294 | RECORD ON APPEAL (COPY)<br>Record for Appeal Judge Sedita order 1/5/2022 | Processed | 01/11/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 295 | RECORD ON APPEAL (COPY)<br>Record on Appeal Judge Sedita order 1/5/2022 | Processed | 01/11/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 296 | RECORD ON APPEAL (COPY)<br>Appellate Brief Judge Sedita order 1/5/2022 | Processed | 01/11/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 297 | AFFIDAVIT<br>Amended affidavit of service of notice of appeal and transcripts | Processed | 02/15/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 298 | RECORD ON APPEAL (COPY)<br>Motion for Judgment Custody in Appeal CA 21-00160 | Processed | 02/20/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 299 | RECORD ON APPEAL (COPY)<br>Motion for Judgment w Relief on Appeal | Processed | 03/29/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 300 | RECORD ON APPEAL (COPY)<br>Appeal brief Furlong Contempt order 1/29/2020 | Processed | 04/06/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 301 | RECORD ON APPEAL (COPY)<br>Appeal record Furlong Contempt order 1/29/2020 | Processed | 04/06/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 302 | RECORD ON APPEAL (COPY)<br>Renew and Reconsider Judgment with Relief CA -22-00200 | Processed | 04/06/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 303 | | Deleted | | |
| 304 | NOTICE OF MOTION - *Corrected* | Processed | 04/13/2022 | Ben, C. |
| 305 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION - *Corrected* | Processed | 04/13/2022 | Ben, C. |
| 306 | OTHER COURT FILED DOCUMENT - *Corrected*<br>Appellants Notice of Motion for Consolidation of Cases & Expedited Appeals w/service | Processed | 04/12/2022 | Court User |
| 307 | AFFIDAVIT<br>Affidavit in support AFC disqualification for cause | Processed | 04/12/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 308 | RECORD ON APPEAL (COPY)<br>Affidavit in support Motion for Judgment with Relief  AFC Venkova failed to respond | Processed | 04/14/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 309 | RECORD ON APPEAL (COPY)<br>Opposition AFC Extension of Time to file brief | Processed | 04/22/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 310 | AFFIDAVIT<br>Affidavit in support AFC disqualification for cause | Processed | 04/26/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 311 | JUDGMENT -TO COUNTY CLERK (PROPOSED) | Processed | 04/27/2022 | Bergevin, M. |
| 312 | JUDGMENT | Processed | 04/27/2022 | Court User |
| 313 | | Deleted | | |
| 314 | JUDGMENT -TO COUNTY CLERK (PROPOSED)<br>Amended Judgment | Processed | 05/04/2022 | Bergevin, M. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 315 | JUDGMENT (AMENDED) | Processed | 05/04/2022 | Court User |
| 316 | JUDGMENT -TO COUNTY CLERK (PROPOSED) - *Corrected* | Processed | 05/05/2022 | Ben, C. |
| 317 | RECORD ON APPEAL (COPY) Motion to Stay Money | Processed | 05/05/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 318 | JUDGMENT | Processed | 05/05/2022 | Court User |
| 319 | RECORD ON APPEAL (COPY) Motion to release records Commission Judicial Conduct | Processed | 05/10/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 320 | RECORD ON APPEAL (COPY) Motion to release attorney grievance records Charles P Ben | Processed | 05/10/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 321 | RECORD ON APPEAL (COPY) corrected Motion to release records from Commission on Judicial Conduct | Processed | 05/10/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 322 | RECORD ON APPEAL (COPY) Corrected Motion to Release Records from Commission Judicial Conduct on Furlong JSC | Processed | 05/11/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 323 | RECORD ON APPEAL (COPY) final motion to release records Commission Judicial Conduct Furlong | Processed | 05/11/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 324 | RECORD ON APPEAL (COPY) Reply brief precluded from filing Sedita order | Processed | 05/21/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 325 | RECORD ON APPEAL (COPY) Affidavit in Support Judicial Commission to Release Records on Judge Furlong | Processed | 05/21/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 326 | RECORD ON APPEAL (COPY) Affidavit in support Release Grievance Records Ben | Processed | 06/13/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 327 | RECORD ON APPEAL (COPY) Motion to Reargue Reconsider Motion to Release Attorney Grievance Records | Processed | 06/21/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 328 | RECORD ON APPEAL (COPY) Motion to Reargue / Reconsider release Commission Judicial Conduct Records to Grand Jury or in alter | Processed | 06/26/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 329 | LETTER/CORRESPONDENCE FROM COURT Email from Court in Regards to fax Received | Processed | 07/07/2022 | Court User |
| 330 | RECORD ON APPEAL (COPY) | Processed | 07/07/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 331 | NOTICE OF CROSS-MOTION | Processed | 07/12/2022 | Court User |
| 332 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE | Processed | 07/12/2022 | Court User |
| 333 | AFFIRMATION | Processed | 07/12/2022 | Court User |

Case 1:24-cv-00508-LJV    Document 1    Filed 05/23/24    Page 116 of 121

NYSCEF

Niagara County Supreme Court

Document List

Index #  E150065/2013

Created on:05/23/2024 04:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 334 | EXHIBIT(S)<br>Exhibit A | Processed | 07/12/2022 | Court User |
| 335 | EXHIBIT(S)<br>Exhibit B | Processed | 07/12/2022 | Court User |
| 336 | EXHIBIT(S)<br>Exhibit C | Processed | 07/12/2022 | Court User |
| 337 | EXHIBIT(S)<br>Exhibit D | Processed | 07/12/2022 | Court User |
| 338 | EXHIBIT(S)<br>Exhibit E | Processed | 07/12/2022 | Court User |
| 339 | EXHIBIT(S)<br>Exhibit F | Processed | 07/12/2022 | Court User |
| 340 | EXHIBIT(S)<br>Exhibit G | Processed | 07/12/2022 | Court User |
| 341 | EXHIBIT(S)<br>Exhibit H | Processed | 07/12/2022 | Court User |
| 342 | EXHIBIT(S)<br>Exhibit I | Processed | 07/12/2022 | Court User |
| 343 | EXHIBIT(S)<br>Exhibit J | Processed | 07/12/2022 | Court User |
| 344 | EXHIBIT(S)<br>Exhibit K | Processed | 07/12/2022 | Court User |
| 345 | EXHIBIT(S)<br>Exhibit L | Processed | 07/12/2022 | Court User |
| 346 | MOTION PAPERS<br>Motion to Reconsider Custody & Access | Processed | 07/12/2022 | Court User |
| 347 | REMITTITUR | Processed | 07/12/2022 | Court User |
| 348 | RECORD ON APPEAL (COPY)<br>Record Volume 1 | Processed | 07/12/2022 | Court User |
| 349 | RECORD ON APPEAL (COPY)<br>Record Volume 2 | Processed | 07/12/2022 | Court User |
| 350 | NOTICE OF MOTION<br>Originally filed 2/9/2016-rec'd from court 7/13/22 | Processed | 07/13/2022 | Court User |
| 351 | APPELLATE DIVISION RECEIPT<br>Letter to Ms. Pynn from Appellate Division | Processed | 07/13/2022 | Court User |
| 352 | APPELLATE COURT DECISION/ORDER (CERTIFIED COPY)<br>Memorandum & Order - Unanimously Affirmed | Processed | 07/14/2022 | Court User |
| 353 | RECORD ON APPEAL (COPY)<br>Record Volume 1 | Processed | 07/14/2022 | Court User |
| 354 | RECORD ON APPEAL (COPY)<br>Record Volume 2 | Processed | 07/14/2022 | Court User |
| 355 | RECORD ON APPEAL (COPY)<br>Record Volume 3 (transcripts) | Processed | 07/14/2022 | Court User |
| 356 | RECORD ON APPEAL (COPY)<br>Record Volume 4 (Emergency Cross Notice of Motion) | Processed | 07/14/2022 | Court User |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 357 | RECORD ON APPEAL (COPY)<br>Motion to Reargue Reconsider CA 21-00160 CA 22-00200 | Processed | 07/18/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 358 | RECORD ON APPEAL (COPY)<br>Affidavit By law Furlong isnt a judge Public Officers Law 30.1(h) | Processed | 07/29/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 359 | RECORD ON APPEAL (COPY)<br>Affidavit in support disbar Charles Ben | Processed | 07/29/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 360 | CONSENT TO CHANGE ATTORNEY (POST RJI) | Processed | 07/30/2022 | Ilecki, W. - filed by Ilecki Law, LLP |
| 361 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | Processed | 07/30/2022 | Ilecki, W. - filed by Ilecki Law, LLP |
| 362 | RECORD ON APPEAL (COPY)<br>Notice and Demand all orders / decisions to include findings of fact and conclusions of law | Processed | 08/23/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 363 | RECORD ON APPEAL (COPY)<br>Notice and Demand all orders / decisions to include findings of fact and conclusions of law | Processed | 08/23/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 364 | RECORD ON APPEAL (COPY)<br>Judicial Fraud concealing documents from official court record 18 USC 2071 | Processed | 08/30/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 365 | RECORD ON APPEAL (COPY)<br>Notice and Demand to Disbar Furlong | Processed | 09/06/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 366 | NOTICE OF ENTRY | Processed | 09/08/2022 | Ilecki, W. - filed by Ilecki Law, LLP |
| 367 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 09/08/2022 | Ilecki, W. - filed by Ilecki Law, LLP |
| 368 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter for permission to file EMERGENCY OTSC Temporary Custody | Processed | 09/18/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 369 | LETTER/CORRESPONDENCE FROM COURT | Processed | 09/19/2022 | Court User |
| 370 | LETTER / CORRESPONDENCE TO JUDGE<br>Adjournment Request from Michele Bergevin, Esq | Processed | 09/20/2022 | Court User |
| 371 | LETTER/CORRESPONDENCE FROM COURT<br>Conference Notice | Processed | 09/20/2022 | Court User |
| 372 | LETTER/CORRESPONDENCE - TO COURT<br>Letter Re heightened Evidentiary Standard CPS indications 1/1/2022 | Processed | 09/21/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 373 | RECORD ON APPEAL (COPY) | Processed | 09/21/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 374 | AFFIDAVIT<br>Affidavit in Support of OTSC filed July 2022 to this case | Processed | 10/31/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 375 | LETTER/CORRESPONDENCE - TO COURT<br>EMERGENCY Letter to the Court | Processed | 11/03/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 376 | RECORD ON APPEAL (COPY)<br>Dont tell me to Shut Your Mouth ever again!  Won my Appeal.  Thank you. | Processed | 11/10/2022 | Pynn, S. (Pro Hac / Pro Se) |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 377 | | Deleted | | |
| 378 | | Deleted | | |
| 379 | | Deleted | | |
| 380 | | Deleted | | |
| 381 | | Deleted | | |
| 382 | | Deleted | | |
| 383 | | Deleted | | |
| 384 | | Deleted | | |
| 385 | | Deleted | | |
| 386 | LETTER/CORRESPONDENCE - TO COURT<br>Letter to Court Deleted documents filed back to Record | Processed | 11/16/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 387 | LETTER/CORRESPONDENCE - TO COURT<br>Letter to Court re Deleted Documents from the Official Court Record | Processed | 11/17/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 388 | ADMISSION OF SERVICE<br>Affidavit of Service of Notice of Appeal Motion to Vacate Order Precluding | Processed | 11/17/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 389 | ADMISSION OF SERVICE<br>Affidavit of Service of Notice of Appeal Motion to Disqualify For Cause | Processed | 11/17/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 390 | LETTER/CORRESPONDENCE - TO COURT<br>Letter to Court Re DELETED Notice of Appeal, Info Statement, Notice of Entry, Affidavit of Service o | Processed | 11/17/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 391 | LETTER/CORRESPONDENCE - TO COURT<br>Letter RE Documents DELETED Notice of Appeal, Info statement, NOE, OTSC, AOS of Notice of Appeal | Processed | 11/17/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 392 | LETTER / CORRESPONDENCE TO JUDGE<br>Request for timely valid signed orders for courts refusal to entertain Motions to Disqualify / Vacat | Processed | 12/04/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 393 | LETTER / CORRESPONDENCE TO JUDGE<br>CPLR 5794 Appellate Review Ex Parte Order OTSC Custody 7/7/2022 | Processed | 12/05/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 394 | OTHER COURT FILED DOCUMENT<br>Order to Show Cause - Signed July 21, 2017 | Processed | 12/06/2022 | Court User |
| 395 | OTHER COURT FILED DOCUMENT<br>Order to Show Cause - Kloch - Signed December 16, 2016 | Processed | 12/06/2022 | Court User |
| 396 | OTHER COURT FILED DOCUMENT<br>Plaintiff's Reply Affidavit - September 10, 2013 | Processed | 12/06/2022 | Court User |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 397 | OTHER COURT FILED DOCUMENT<br>Furlong Order - September 27, 2019 | Processed | 12/06/2022 | Court User |
| 398 | LETTER/CORRESPONDENCE - TO COURT<br>Material Documents missing from OTSC Document #329 | Processed | 12/08/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 399 | LETTER/CORRESPONDENCE FROM COURT<br>Letter to Stacey Pynn | Processed | 12/08/2022 | Court User |
| 400 | OTHER COURT FILED DOCUMENT<br>Notice of Supplemental Cross-Motion - Dated: September 18, 2019 | Processed | 12/08/2022 | Court User |
| 401 | OTHER COURT FILED DOCUMENT<br>Signed OTSC - Furlong - Dated: August 19, 2019 | Processed | 12/08/2022 | Court User |
| 402 | OTHER COURT FILED DOCUMENT<br>Furlong Order - Dated: August 6, 2018 | Processed | 12/08/2022 | Court User |
| 403 | LETTER/CORRESPONDENCE FROM COURT<br>CONFERENCE DENIED Re: Incomplete OTSC 7/6/2022, Fam Court refusing OTSC due to Sedita Order Precludi | Processed | 12/08/2022 | Pynn, S. (Pro Hac / Pro Se) |
| 404 | LETTER/CORRESPONDENCE - TO COURT<br>Demand for hearing OSC filed 7/7/22, Motion for Judge Disqualify, Motion to Vacate Order Precluding | Processed | 01/02/2023 | Pynn, S. (Pro Hac / Pro Se) |
| 405 | OTHER COURT FILED DOCUMENT<br>Notice of Cross Motion 06/03/2019 | Processed | 02/08/2023 | Court User |
| 406 | OTHER COURT FILED DOCUMENT<br>Affidavit 06/03/2019 | Processed | 02/08/2023 | Court User |
| 407 | OTHER COURT FILED DOCUMENT<br>Attorney Affirmation  06/03/2019 | Processed | 02/08/2023 | Court User |
| 408 | OTHER COURT FILED DOCUMENT<br>Attorney Affirmation 08/19/2019 | Processed | 02/08/2023 | Court User |
| 409 | OTHER COURT FILED DOCUMENT<br>Response to Motion 07/12/2018 | Processed | 02/08/2023 | Court User |
| 410 | OTHER COURT FILED DOCUMENT<br>Affidavit in Responxe to OTSC 04/04/2019 | Processed | 02/08/2023 | Court User |
| 411 | OTHER COURT FILED DOCUMENT<br>Affidavit 08/01/2019 | Processed | 02/08/2023 | Court User |
| 412 | OTHER COURT FILED DOCUMENT<br>Responding Affidavit 02/13/2020 | Processed | 02/08/2023 | Court User |
| 413 | OTHER COURT FILED DOCUMENT<br>Notice of Motion/Affidavit-Previously filed #97 | Processed | 02/08/2023 | Court User |
| 414 | OTHER COURT FILED DOCUMENT<br>Cross Motion/Affirmation-Previously filed #100 | Processed | 02/08/2023 | Court User |
| 415 | OTHER COURT FILED DOCUMENT<br>Notice of Motion/Affidavit-Previously filed #105 | Processed | 02/08/2023 | Court User |
| 416 | OTHER COURT FILED DOCUMENT<br>Notice of Motion/Affidavit-Previously filed #106 | Processed | 02/08/2023 | Court User |
| 417 | OTHER COURT FILED DOCUMENT<br>Notice of Motion/Affirmation-Previously filed #112 | Processed | 02/08/2023 | Court User |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 418 | OTHER COURT FILED DOCUMENT<br>Notice of Motion/Affirmation-Previously filed # 114 | Processed | 02/08/2023 | Court User |
| 419 | OTHER COURT FILED DOCUMENT<br>Emergency Cross Motion-Previously filed #117 (first half) | Processed | 02/08/2023 | Court User |
| 420 | OTHER COURT FILED DOCUMENT<br>Emergency Cross Motion-Previously filed #117 (second half) | Processed | 02/08/2023 | Court User |
| 421 | OTHER COURT FILED DOCUMENT<br>Notice of Motion/Affidavit-Previously filed #147 | Processed | 02/08/2023 | Court User |
| 422 | REMITTITUR<br>Memorandum & Order - Unanimously Reversed | Processed | 02/09/2023 | Court User |
| 423 | OTHER COURT FILED DOCUMENT<br>Record Volume 1 -Appellate Division | Processed | 02/09/2023 | Court User |
| 424 | LETTER / CORRESPONDENCE TO JUDGE<br>Federal Injunction Complaint | Processed | 07/24/2023 | Pynn, S. (Pro Hac / Pro Se) |
| 425 | LETTER / CORRESPONDENCE TO JUDGE<br>Federal Injunction Motion for TRO Niagara County Courts et al | Processed | 07/24/2023 | Pynn, S. (Pro Hac / Pro Se) |

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stacey Pynn

**DEFENDANTS**

Matthew Pynn et al

24 CV 508

**(b)** County of Residence of First Listed Plaintiff   Niagara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Niagara
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

pro se

Attorneys *(If Known)*

unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[x] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | |
| | | | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983 RICO 18 U.S.C. 1962 (c)(d)

Brief description of cause:
Child sexual trafficking under guise of child protection and the justice system in New York State

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1000000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE     DOCKET NUMBER

DATE
05/23/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE   LJV    MAG. JUDGE