UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STACEY PYNN,

        Plaintiff,

   v.                                   24-CV-508-LJV
                                          ORDER

MATTHEW PYNN et al.,

        Defendants.

On May 23, 2024, the pro se plaintiff, Stacey Pynn, filed a complaint asserting claims under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Docket Item 1. She also moved for a preliminary injunction and a temporary restraining order ("TRO"), Docket Item 4, and this Court denied that motion on August 5, 2024, Docket Item 9. Pynn then moved for reconsideration of that order, Docket Item 10, and the Court denied the motion for reconsideration on March 26, 2025, Docket Item 14.

On April 28, 2025—33 days after that order was issued—Pynn moved for an extension of time to appeal. Docket Item 15. On the same day, she filed two notices of appeal—one appealing this Court's order of August 5, 2024, denying her motion for a preliminary injunction and temporary restraining order, *see* Docket Item 16, and the other appealing this Court's order of March 26, 2025, denying her motion for reconsideration, *see* Docket Item 18. The United States Court of Appeals for the Second Circuit determined that her appeals were not timely but directed this Court to consider whether her motion for an extension of time entitled her to relief under Federal

Rule of Appellate Procedure 4(a)(5). *See* Docket Item 23. This Court now does just that.

## **DISCUSSION**

Generally, a notice of appeal "must be filed . . . within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). A district court "may extend [a party's] . . . time to file a notice of appeal," but only "if (i) [the] party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "A district court lacks jurisdiction to grant such motion, however, if the motion is made after the 30-day grace period." *United States v. Torres*, 2015 WL 13554987, at *1 (S.D.N.Y. Dec. 14, 2015) (citing *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam)); *see also Stephens v. 3500 Snyder Ave. Owners Corp.*, 548 F. App'x 648, 650 (2d Cir. 2013) (summary order) (noting that district court "could not have relied on Rule 4(a)(5) to grant [a party's] extension of time because that provision requires that such a motion be filed within the 30-day period immediately following the original 30-day appeal period"); Fed. R. App. P. (4)(a)(5).

Pynn says in her motion that she is requesting an extension of time to appeal this Court's August 2024 order denying her motion for a preliminary injunction and temporary restraining order. *See* Docket Item 15 at 2 (stating that "[p]laintiff . . . desires to appeal the decision in this action which was entered on August 5, 2024"). Because her motion for an extension of time to appeal was filed more than eight months after that order's entry, however, this Court could not grant the requested extension of time even

2

if it found that Pynn had demonstrated good cause or excusable neglect.  *See Stephens*, 548 F. App'x at 650.

On the other hand, Pynn also sought to appeal this Court's order of March 26, 2025, denying her motion for reconsideration.  *See* Docket Item 18.  That second notice of appeal was filed only 33 days after entry of the order it sought to appeal—that is, "within the 30-day period immediately following the original 30-day appeal period."  *See Stephens*, 548 F. App'x at 650.  In light of its obligation to construe the filings of pro se litigants "liberally," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court therefore construes Pynn's motion as also seeking an extension of time to appeal this Court's order of March 26, 2025.

Because Pynn's motion for an extension to appeal the March 2025 order was made within Rule 4(a)(5)'s 30-day grace period, this Court may extend her time to appeal if she has demonstrated good cause or excusable neglect.  "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control."  *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).  Pynn specifically raises excusable neglect[1] in her motion, asking for an extension of time to appeal based on her "misunderstanding of the law" and her father's death.  *See* Docket Item 15 at 2.

---

[1] Good cause, as the Second Circuit has explained, "applies in situations in which there is *no fault*—excusable or otherwise, such as when the Postal Service fails to deliver a notice of appeal."  *Alexander*, 5 F.4th at 147 (citation and internal quotation marks omitted).  Because, as discussed below, the Court finds that Pynn has sufficiently established excusable neglect, it need not reach the question of whether she also has established good cause.

Courts consider four factors when evaluating whether a movant has shown excusable neglect: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Alexander*, 5 F.4th at 148 (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "'[D]ispositive weight' should be accorded to the third factor—the reason for the delay." *Cano v. SEIU, Loc. 32BJ*, 2023 WL 6541773, at *2 (S.D.N.Y. Sept. 5, 2023) (quoting *Alexander*, 5 F.4th at 149).

Here, that "dispositive" third factor weighs heavily in Pynn's favor. "The federal rules are complex, and the court may find excusable neglect in a pro se litigant's confusion about how they work." *Cano*, 2023 WL 6541773, at *2 (italics omitted) (quoting *Whitfield v. Howard*, 852 F.3d 656, 660-61 (7th Cir. 2017)). "Although 'ignorance of the rules[] or mistakes construing the rules do not usually constitute excusable neglect,' courts have 'given weight to the fact that a litigant is pro se when determining whether neglect is excusable.'" *Id.* (italics omitted) (first quoting *Pioneer*, 507 U.S. at 392, then quoting 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.3 (3d ed. 2022)). Especially when coupling that confusion with the unfortunate passing of Pynn's father, the third factor weighs in her favor.

Moreover, the other three factors weigh in her favor as well. First, because the defendants have not yet appeared, there presumably can be no prejudice to any of them. Indeed, because her appeal will divest this Court of jurisdiction to screen her

complaint, *see Leonhard v. United States*, 633 F.2d 599, 609-10 (2d Cir. 1980) ("Once a proper appeal is taken, the district court may generally take action only in aid of the appeal or to correct clerical errors as allowed by the Federal Rules of Civil (or Criminal) Procedure."), any delay will prejudice only Pynn, the plaintiff. Second, Pynn's delay in appealing this Court's order on her motion for reconsideration was minimal. Finally, this Court has no reason to believe that Pynn was not acting in good faith when she filed her motion. The Court therefore concludes that the excusable neglect factors weigh in Pynn's favor.

## **CONCLUSION**

In light of the foregoing, the Court DENIES IN PART Pynn's motion for an extension of time to appeal, Docket Item 15, to the extent that it seeks an extension of time to appeal this Court's order of August 5, 2024; GRANTS that motion IN PART to the extent that it seeks an extension of time to appeal this Court's order of March 26, 2025; grants that extension to appeal the order of March 26, 2025, nunc pro tunc; and accepts her notice of appeal of this Court's decision denying reconsideration, Docket Item 18, as timely filed.

SO ORDERED.

Dated: October 28, 2025
       Buffalo, New York

                                               */s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE